625 A.2d 132

Kennard E. HENLEY and Betty J. Henley
d/b/a Towerview Farms, Appellants,

v.

The ZONING HEARING BOARD OF WEST
FALLOWFIELD TOWNSHIP, Appellee.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided April 29, 1993.

Robert C.F. Willson and Albert P. Massey, for appellants.

Winifred Moran Sebastian, for appellee.

Before CRAIG, President Judge, SMITH, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Kennard E. and Betty J. Henley, d/b/a Towerview Farms, appeal from the order of the Court of Common Pleas of Chester County that affirmed the Zoning Hearing Board of West Fallowfield Township's (ZHB) denial of a special exception. We affirm.

Henleys own an 18.985 acre tract of land in West Fallowfield Township (Township). The subject property, which consists of a farm house and barn, has been operated by Henleys as a dairy farm since 1970. The land is situate entirely within the Township's AR–Agricultural Residential Zoning District, which is so zoned because of the prime agricultural soil.[1] Section 402.3 of the Township's zoning ordinance (ordinance) provides that in order to preserve prime soils for agriculture, the minimum lot size allowed is 10 acres.

In 1990, Henleys requested a special exception under Section 402.2(c)(2) of the ordinance from the 10–acre minimum lot size to allow them to subdivide their property into approximately 15 single-family building lots, ranging in size from 1.1 acres to 1.6 acres.

The ZHB denied the request for a special exception because Henleys did not meet their burden of showing that the subdivision would meet the specific conditions for a special exception set forth in the ordinance.[2] The ZHB also denied Hen-

1. The soil type is Chester Glenelg and the soil classification is Class 1 and Class 2.

2. Interestingly, the Henleys, at the hearing, presented testimony that they had stripped some of the soil off the property and that the property was no longer a class 1 or class 2 soil, but was now a class 3 soil. Land classified as class 3 or below, does not require the 10–acre minimum lot size. However, no finding was made that the soil was class 3 and that no special exception grant was needed.

leys' procedural and constitutional challenges to the ordinance. The trial court affirmed.

On appeal,[3] Henleys, abandoning their procedural challenge to the ordinance, argue that the trial court erred in holding that: 1) they failed to meet the requirements for a special exception; and 2) the ordinance was constitutional.

## SPECIAL EXCEPTION REQUIREMENTS

 Henleys argue that the trial court erred in holding that they failed to meet the requirements necessary to receive a special exception to the ordinance. The law is clear that the applicant for a special exception has both the burden of persuasion and the initial evidence presentation duty to show that the proposal complies with the specific conditions of the ordinance. *See Lower Merion Township v. Enokay, Inc.*, 427 Pa. 128, 233 A.2d 883 (1967). Section 402.2(c)(2) of the ordinance states:

*Use Regulations*

Special Exception

Relief from restricted development either through lot size or delayed percentage development for parcels with Class 1 or 2 soils when the following factors are considered in relation to the intent of this ordinance to preserve prime soils for agricultural:

a. Size and shape of the subject parcel;

b. Existing land cover, e.g. forest land, meadowland or scrub vegetation unsuitable for agriculture;

c. Localized wet or rocky conditions;

d. Adjacent land uses inconsistent with an agricultural use;

e. Potential of proposed uses interfering with any surrounding parcels agricultural use;

**3.** Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

f. Suitability for on-site sewage disposal and availability of on-site water supply if public service is unavailable. (Found on Page D of the Zoning Ordinance Volume).

Henleys assert that the conditions in Section 402.2(c)(2) of the ordinance are not specific but are general conditions which shift the burden to the Objectors. Henleys, in the alternative, argue that even if the conditions are specific, that they met their burden.

Henleys presented evidence at the hearing before the ZHB, attempting to show that each requirement for a special exception had been met. The Township presented evidence to the contrary. The ZHB carefully analyzed each requirement, making the following pertinent findings: 1) the size and the shape of the subject parcel did not make it more appropriate for small-lot residential subdivisions than for agricultural uses; 2) the property had been used for more than twenty years, in its present shape and size as a farm; 3) the land cover for the property is primarily pastureland for dairy cattle; 4) there was no localized wet or rocky conditions; 5) the adjacent land uses were not inconsistent with the agricultural use of the property as it exists and changing this land to residential would interfere with the surrounding parcels' agricultural use; and 6) even though the Chester Glenelg soil may be suitable for on-site septic systems, no percolation and other tests were done to determine the suitability of the site for on-site sewage.[4]

In *Bray v. Zoning Board of Adjustment,* 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980), we held that it is improper

---

**4.** Henleys make two arguments concerning the ZHB's finding that their failure to perform tests as to the suitability of on-site sewage is erroneous. First, Henleys assert that they met their initial burden of proof because Chester Glenelg soils may be suitable for on-site septic systems, as the ZHB found. Henleys contend that they cannot be required to perform additional tests. Even if this Court agrees that Henleys met this initial burden, because we hold that the five other requirements were not met, such error is harmless. The ZHB may deny a special exception even if one of the specific conditions is not met. *Bray.* Second, Henleys assert that the trial court's comment that a portion of the land was unsuitable for an on-site sewer system was contrary to the ZHB's finding. While the trial court should not have added to the ZHB's findings, such error is harmless.

to place the burden of proof on an applicant for a special exception to meet the *general* detrimental effect requirements of an ordinance. Requirements in an ordinance which concern general detrimental effect are defined as such things which effect the health, safety and welfare of the neighborhood. *Bray.* However, the ZHB here held that the requirements of section 402.2(c)(2) of the ordinance were specific and that Henleys failed to meet the burden that their proposal came within the objective requirements and specifications of the ordinance.

We have reviewed the record and believe substantial evidence exists to support the ZHB's findings.

### CONSTITUTIONALITY OF ORDINANCE

■ Henleys argue that the trial court erred in holding that the ordinance was constitutional. First, Henleys assert that the ordinance is arbitrary because it uses the soil type as the method of classifying the zoning district. We do not agree.

Section 604 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10604, directs municipalities to preserve land for agriculture and permits the classification of prime agricultural soils as a means of preserving this land. Section 604(3) of the MPC, 53 P.S. § 10604(3), specifically states that ordinances shall be designed to preserve prime agricultural farm land, considering topography, sewage type, classification and present use. Furthermore, Section 603 of the MPC, 53 P.S. § 10603, allows zoning ordinances to "regulate ... protection of natural resources and agricultural lands." The special intent of Section 402.1 of the ordinance, is to preserve productive agricultural lands and to foster conditions favorable to a continued agricultural use in the Township.

■ A party challenging the constitutionality of a zoning ordinance must establish that the provision in question is arbitrary, unreasonable and unrelated to public health, safety, morals and general welfare. *Application of Friday,* 33 Pa.Commonwealth Ct. 256, 381 A.2d 504 (1978). This ordi-

nance cannot be considered arbitrary when the General Assembly has directed municipalities to enact ordinances which preserve land for agricultural uses and which permit the classification of these prime agricultural soils as the means of preserving this land.

Henleys also assert that the ordinance is unconstitutional because it excludes single-family dwellings on one-acre lots. Our review of the ordinance has found that single-family dwellings on one-acre lots are permitted throughout the Township, except in industrial zones. When a challenger alleges that there is de facto exclusionary zoning, it carries the heavy burden of showing that even though on its face an ordinance permits a specific use, the ordinance as applied effectively prohibits such use. *Hodge v. Zoning Hearing Board of West Bradford Township,* 11 Pa.Commonwealth Ct. 311, 312 A.2d 813 (1973). *See Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977). Henleys did not present any evidence at the hearing that under the ordinance a fair share of single-family housings has not been met. Because Henleys failed to show that the ordinance effectively prohibits single-family homes on one-acre lots, their constitutional arguments must fail.

Accordingly, we affirm.

### ORDER

AND NOW, this 29th day of April, 1993, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.