Robert KIRK and Elizabeth Kirk, h/w, Appellants,

v.

ZONING HEARING BOARD OF HONEY BROOK TOWNSHIP.

Commonwealth Court of Pennsylvania.

Argued May 7, 1998.

Decided July 1, 1998.

Randall C. Schauer, West Chester, for appellants.

Christopher H. Schubert, Paoli, for appellee.

Before COLINS, President Judge, LEADBETTER, J.(P.), and MIRARCHI, Jr, Senior Judge.

MIRARCHI, Jr., Senior Judge.

Robert and Elizabeth Kirk, husband and wife, appeal from an order of the Court of Common Pleas of Chester County which affirmed the decision of the Zoning Hearing Board of Honey Brook Township (Board) denying their challenge to the validity of the minimum lot size requirements under Section 303.1 of the Honey Brook Township Zoning Ordinance of 1979 (Ordinance), *as amended*, for single-family detached dwellings in the agricultural zoning district. We affirm.

The Kirks are the owners of approximately fifty-nine acre tract of land located in the A-Agricultural zoning district of Honey Brook Township (Township). On July 26, 1996, the Kirks filed an application with the Board pursuant to Section 916.1 of the Pennsylvania

Municipalities Planning Code (MPC),[1] challenging the validity of the minimum lot area requirements set forth in Section 303.1 of the Ordinance for single-family detached dwellings and retail agricultural sales permitted in the A–Agricultural zoning district: 60,000 square feet (approximately one and one-half acres) for lots served with neither public water nor public sewer, or served only with either public water or public sewer; 40,000 square feet (approximately one acre) for lots served with both public water and public sewer. The Kirks' property is currently served with neither public water nor public sewer.

The Kirks proposed to construct fifty single-family detached dwellings on their fifty-nine acre tract, with each lot consisting of approximately three quarters of an acre. The sketch plan submitted by the Kirks showed that they could build up to forty-four homes, complying with the minimum lot area requirements under Section 303.1 of the Ordinance. The Kirks asserted that the minimum lot area requirements set forth in Section 303.1 are unduly restrictive, as applied to the subject property, and have no substantial relationship to preserving the prime agricultural land, and that because Section 303.1 is thus unconstitutional, they should be permitted to develop their land complying with the following minimum lot area requirements set forth in Section 402.2 of the Ordinance for single-family detached dwellings in the R–1 Residential zoning district: one acre for lots served with neither public water nor public sewer; three quarters of an acre for lots served with either public water or public sewer; one-half acre for lots served with both public water and public sewer.

■ After several hearings, the Board denied the Kirks' challenge to the validity of Section 303.1. The Board found that the Kirks' land consists of prime agricultural soils, Classes I, II and III, and that the same or similar soil types are also found throughout the A–Agricultural zoning district. The Board concluded that the larger minimum lot sizes for single-family homes in the agricultural zoning district than the residential zoning districts serve the goal of preserving the prime agricultural land and that such requirements are neither arbitrary nor unreasonable. On appeal, the trial court affirmed the Board's decision.[2]

The Kirks first raise the issue of burden of proof applicable to a validity challenge to a minimum lot size requirement for single-family dwellings. The Kirks contend that in this matter, the Township had the burden of establishing "extraordinary justification" to uphold the validity of the minimum lot size requirements and that the Township failed to meet that burden.

In *Concord Township Appeal*, 439 Pa. 466, 268 A.2d 765 (1970), the Pennsylvania Supreme Court considered the constitutionality of the zoning ordinance which required the minimum lot size of two or three acres for single-family homes. In holding that such minimum lot size requirement was unconstitutional, the Court stated:

> Planning considerations and other interests can justify reasonably varying minimum lot sizes in given areas of a community.... 'At some point along the spectrum, however, the size of lots ceases to be a concern requiring public regulation and becomes simply a matter of private preference.' ... [M]inimum lot sizes of the magnitude required by this ordinance are a great deal larger than what should be considered a *necessary* size for the building of a house, and are therefore not the proper subjects of public regulation. As a matter of fact, a house can fit quite comfortably on a one acre lot without being the least bit cramped. Absent extraordinary justification, a zoning ordinance with minimum lot sizes such as those in this case is completely unreasonable.

Id. at 470–71, 268 A.2d at 766–67 (footnote omitted; emphasis in original). Subsequent-

---

1. Act of July 31, 1968, P.L. 805, *as amended,* added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1.

2. This Court's scope of review in zoning cases, where, as here, the trial court did not take additional evidence, is limited to determining whether the zoning hearing board committed an error of law or a manifest abuse of discretion. *Appeal of Lester M. Prange, Inc.*, 166 Pa.Cmwlth. 626, 647 A.2d 279 (1994).

ly, in *Martin v. Township of Millcreek*, 50 Pa.Cmwlth. 249, 413 A.2d 764 (1980), this Court adopted the above-quoted statement in *Concord Township Appeal* and held that where the challenged zoning ordinance requires the minimum lot size in excess of two acres for single-family homes, "extraordinary justification" for such requirement must be shown.[3]

Section 303.1 of the Ordinance in question, however, requires only one acre or one and one-half acre minimum lot sizes for single-family homes, depending on whether the lots are served with public water or public sewer. Since Section 303.1 requires less than two-acres for single-family homes, the "extraordinary justification" standard is inapplicable to this matter.

■ It is well established that a zoning ordinance is presumed to be valid, and that therefore, one who challenges the validity of the zoning ordinance has a heavy burden of establishing its invalidity. *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328 (1975). Further, where the validity of the zoning ordinance is debatable, the legislative judgment of the governing body must control. *Bilbar Construction Co. v. Easttown Township Board of Adjustment*, 393 Pa. 62, 141 A.2d 851 (1958).

■ In Pennsylvania, the constitutionality of a zoning ordinance is reviewed under a substantive due process analysis. *Boundary Drive Assoc. v. Shrewsbury Township Board of Supervisors*, 507 Pa. 481, 491 A.2d 86 (1985); *Shohola Falls Trails End Property Owners Ass'n v. Zoning Hearing Board of Shohola Township*, 679 A.2d 1335 (Pa. Cmwlth.1996), *appeal denied*, 548 Pa. 651,

695 A.2d 788 (1997). Under such analysis, the zoning ordinance is considered constitutional as a valid exercise of the police power, when it promotes public health, safety and welfare and is substantially related to the purpose it purports to serve. *Boundary Drive.*

■ A significant factor in determining the reasonableness of a land use restriction is whether the restriction is consistent with the stated purpose of the particular zoning district. *Hock v. Board of Supervisors of Mount Pleasant Township*, 154 Pa.Cmwlth. 101, 622 A.2d 431 (1993). Preservation of agricultural land is recognized as a legitimate governmental goal, which can be implemented by zoning regulation. *Hopewell Township Board of Supervisors v. Golla*, 499 Pa. 246, 452 A.2d 1337 (1982). The MPC thus authorizes the municipalities to enact zoning ordinance regulating "[p]rotection and preservation of ... agricultural land and activities." Section 603(b)(5) of the MPC, 53 P.S. § 10603(b)(5). The MPC further provides that the zoning ordinances "*shall* be designed ... [t]o preserve prime agriculture and farmland considering topography, soil type and classification, and present use." Section 604(3) of the MPC, 53 P.S. § 10604(3) (emphasis added).

The Kirks' property is located within the A–Agricultural zoning district, the purpose of which is "to preserve prime agricultural land within the Township" and "to permit residential development within the agricultural areas ... where such development is necessary." Section 303 of the Ordinance.[4] As a means of promoting the stated purpose of the agricultural zoning district, Section 303.1 re-

---

**3.** Relying on *Reimer v. Board of Supervisors of Upper Mount Bethel Township,* 150 Pa.Cmwlth. 323, 615 A.2d 938 (1992), the Kirks argue that the validity of the zoning ordinance requiring the minimum lot size for single-family homes in excess of *one* acre can be upheld, only where the municipality demonstrates "extraordinary justification." *Reimer* involved the three-acre minimum lot size requirement in the agricultural zoning district. In upholding the validity of the requirement, this Court stated that "the minimum lot sizes in excess of *one* acre can be upheld only in face of 'extraordinary justification related to the public interest,'" citing this Court's decision in *Martin.* However, contrary to the statement in *Reimer,* this Court in *Martin*

stated that extraordinary justification was required, only where the minimum lot size required by the zoning ordinance exceeds *two* acres. Since the statement in *Reimer* relied on by the Kirks is obviously incorrect, *Reimer* does not support the Kirks' contention regarding the applicable burden of proof.

**4.** On the other hand, the stated purpose of the residential zoning district is "to provide sufficient space for a variety of housing types adequate to meet the needs of the present and projected population of the Township." Section 401.1 of the Ordinance.

quires the minimum lot sizes of one acre or one and one-half acres for single-family dwellings, a little larger than the residential zoning district.

It is well established that zoning for density, such as a zoning provision regulating minimum lot sizes, is a legitimate exercise of the police power. *National Land & Investment Co. v. Easttown Township Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965). Any minimum acreage requirement is not unconstitutional per se, and its constitutionality must be determined on a case-by-case basis because every case involves a different set of facts and circumstances. *Id.*

In *Henley v. Zoning Hearing Board of West Fallowfield Township*, 155 Pa.Cmwlth. 306, 625 A.2d 132 (1993), the owner of nineteen-acre tract of land containing prime agricultural soils challenged the validity of the ten-acre minimum lot size requirement in the AR–Agricultural Residential zoning district. The owner proposed to subdivide the land into fifteen lots for single-family homes, ranging in size from 1.1 to 1.6 acres. In upholding the validity of the minimum lot size, the Court stated that the purpose of the minimum lot size was to preserve productive agricultural lands and to foster condition favorable to a continued agricultural use in the township, and that the minimum lot size requirement cannot be considered arbitrary because the MPC itself directs the township to enact the zoning ordinances to preserve land for agricultural uses and permits the classification of the prime agricultural soils as a means of preserving the agricultural lands.[5]

In this matter, the Board found that the Kirks' land has rolling topography and contains the prime agricultural soils, Classes I, II and III, and that the same or similar soil types are also found throughout the A–Agricultural zoning district. Further, the majority of the area surrounding the Kirks' land is currently used for agricultural pur-

poses. Thus, the record supports a conclusion that Section 303.1 of the Ordinance constitutes a zoning for density intended to promote the preservation of the prime agricultural land, based on the topography, soil type and classification and present use of the area, as required by the MPC. Hence, the minimum lot size requirement under Section 303.1 is reasonably related to the legitimate governmental goal of preserving the agricultural land in the Township, as in *Henley.*

The Kirks nonetheless argue that Section 303.1, setting forth larger minimum lot size requirements for the agricultural zoning district than other zoning districts, is arbitrary and has no substantial relationship to preserving the agricultural land because the same soil types are found not only in the agricultural zoning district but also throughout the Township. The Kirks also assert that the larger lot sizes for single-family homes in the agricultural district mean more loss of farmland, as its witness testified.

In enacting Section 303.1, however, the Township governing body made legislative judgment that the density regulation would discourage the development in the agricultural zoning district and thereby promote the stated purpose of preserving farmland. The Kirks' argument that the Township may not validly regulate the agricultural zoning district to preserve and protect the prime agricultural land, only because the prime agricultural soils found in that district also exist in other zoning districts, is tantamount to a challenge to the designation of zoning boundaries made by the Township governing body. As this Court stated, however:

> [T]he courts cannot become involved in a general review of the wisdom of zoning boundaries without assuming almost the entire legislative function. ... While the supervisors might have made a better

**5.** *Compare* the cases holding the various minimum lot area requirements for single-family homes for other zoning districts unconstitutional: *National Land* (four acres for the residential district); *Hock* (three acres in the Open Space District); *Berman v. Board of Commissioners of Township of Lower Merion*, 147 Pa.Cmwlth. 405, 608 A.2d 585 (1992) (two acres for the fully developed residential district); *Mill Valley Assoc. v. Zoning Hearing Board of Tredyffrin Township*, 126 Pa.Cmwlth. 340, 559 A.2d 985 (1989), *appeal denied*, 527 Pa. 656, 659, 593 A.2d 427, 429 (1990) (two and one-third acres in the residential zoning district); *Martin* (ten acres for Ecologically Sensitive District).

choice in location, the choice was theirs to make and the remedy for any such error is not with the courts, but rather the ballot box.

*Appeal of Langmaid Lane Homeowners Ass'n,* 77 Pa.Cmwlth. 53, 465 A.2d 72, 75 (1983) (citation omitted).

 Thus, even where there is room for difference of opinion as to the designation of the agricultural zoning district, the courts cannot substitute their judgment for that of the authorities who enacted the legislation. *Bilbar.* The courts are neither a super zoning hearing board nor a planning commission of last resort. *National Land.*

 Moreover, an ordinance is not to be declared invalid merely because it may deprive the owner of most lucrative and profitable uses; so long as the property in question may be reasonably used for the purposes permitted under the ordinance, the owner may not legally complain. *Tidewater Oil Co. v. Poore,* 395 Pa. 89, 149 A.2d 636 (1959). In this matter, the sketch plan submitted at the hearings showed that the Kirks could still build forty-four single-family detached homes, six less than fifty homes they desire to build, complying with Section 303.1. Thus, contrary to the Kirks' contention, the facts in this matter do not establish that the minimum lot area requirements in question are unduly restrictive.

Since the record amply supports the Board's conclusion that Section 303.1 of the Ordinance is substantially related to the legitimate goal of preserving the prime farmland and is neither arbitrary nor unduly restrictive as applied to their land, the order of the trial court is affirmed.

### ORDER

AND NOW, this 1st day of July, 1998, the order of the Court of Common Pleas of Chester County in the above-captioned matter is affirmed.