**Joseph V. FISHER and Laverne R. Fisher, Appellants,**

**v.**

**Rocco VIOLA, Jr., Patricia Viola, Cranberry Township Zoning Hearing Board, Cranberry Township.**

**Appeals of Joseph V. Fisher and Lavern B. Fisher from the Decision of the Zoning Hearing Board of Cranberry Township at No. 95–04–07, No. 95–05–11, No. 96–05–10, No. 96–05–11.**

**Appeals of Rocco Viola, Jr., and Patricia Viola at No. 95–05–14, No. 96–05–08, No. 96–05–09.**

**Appeal of Rocco Viola, Jr. and Patricia Viola.**

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 2001.
Decided Nov. 30, 2001.

William C. Smith, Pittsburgh, for appellants, J. Fisher and L. Fisher.

Robert W. Kennedy, Jr., Pittsburgh, for appellants, R. Viola, Jr. and P. Viola.

Philip P.G. Lope, Zelienople, for appellee, Zoning Hearing Bd. of Cranberry Twp.

Bernard P. Matthews, Jr., Greensburg, for appellee, Cranberry Twp.

Before PELLEGRINI, Judge, FLAHERTY, Senior Judge, and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Joseph V. and Laverne R. Fisher and Rocco and Patricia Viola, Jr., (collectively Appellants) appeal from an order of the Court of Common Pleas of Butler County that denied Appellants' land use appeals and affirmed the decision of the Zoning Hearing Board (ZHB) of Cranberry Township (Township) denying Appellants' substantive challenges to newly enacted Zoning, Subdivision and Land Development Ordinances. We affirm.

Between 1992 and 1995 the Township engaged in a comprehensive planning process because the Township, since the early 1980s, experienced tremendous growth in both residential and non-residential land development. The Comprehensive Plan (Plan) was initiated and adopted in accordance with the requirements of the Pennsylvania Municipalities Planning Code (MPC) [1] and addressed *inter alia* planning concerns that dealt with community image, non-residential development, residential development and quality of life/recreation. The Plan also addressed the Township's objectives, including a land use plan providing for amount, intensity, character and timing of land use, a housing plan, a transportation plan and a community facilities and utilities plan. To implement the Plan, the Township enacted six ordinances.

Appellants filed numerous appeals challenging these ordinances. Between May of 1995 and December of 1999, the ZHB conducted thirty-eight separate hearings, resulting in transcripts totaling approximately 5,000 pages. On December 20, 1999, the ZHB issued its decision upholding the validity of the Township's land use ordinances, specifically, ruling that the ordinances properly regulated density and the rate and character of development and

---

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

represented a legitimate exercise of police power. Appellants filed land use appeals with the trial court, which without taking additional testimony, affirmed the ZHB's decision and denied Appellants' appeals.

■ Appellants now appeal to this Court,[2] and raise the following issues for our review: (1) whether the terms of the ordinances are vague, indefinite, ambiguous and uncertain, (2) whether the increase in lot size for rural residential zoning districts (R–1) to 1.5 acres for lots without public sewage and 1.25 acres for lots with public sewage is arbitrary, capricious, or unrelated to the public health, safety and welfare, (3) whether the ordinances violate the due process and equal protection guarantees of the United States and Pennsylvania Constitutions and whether they violate the privileges and immunities clause of the United States Constitution and (4) whether the changes in the ordinances relating to slopes, grades and impermeability are reasonable and clearly necessary exercises of the police power.

■ We first recognize that ordinances are presumed to be valid and those who challenge their validity carry a heavy burden to establish their invalidity. *Kirk v. Zoning Hearing Board of Honey Brook Township,* 713 A.2d 1226 (Pa.Cmwlth. 1998), *petition for allowance of appeal denied,* 558 Pa. 624, 737 A.2d 745 (1999). Moreover, if the validity of an ordinance is debatable, the legislative judgment of the governing body must control. *Id.* The *Kirk* court explains that a zoning ordinance's constitutionality is reviewed under a substantive due process analysis. "Under such analysis, the zoning ordinance is considered constitutional as a valid exercise of police power, when it promotes

public health, safety and welfare and is substantially related to the purpose it purports to serve." *Id.* at 1229.

■ The *Kirk* court, relying on *National Land & Investment Co. v. Kohn,* 419 Pa. 504, 215 A.2d 597 (1965), also indicates that it is impossible to state that any minimum acreage requirement is unconstitutional *per se,* reiterating that "[i]t is well established that zoning for density, such as a zoning provision regulating minimum lot sizes, is a legitimate exercise of the police power." *Kirk,* 713 A.2d at 1228. The constitutionality of the requirement must be determined on a case by case basis. *Id.*

Furthermore, in *Martin v. Township of Millcreek,* 50 Pa.Cmwlth. 249, 413 A.2d 764 (1980), a case that relied on *Surrick v. Zoning Hearing Board of Upper Providence Township,* 476 Pa. 182, 382 A.2d 105 (1977), the court sets out the fundamental inquiries when reviewing the constitutionality of zoning ordinances. The *Martin* case notes that ordinances must have a substantial relationship to the health, safety, morals and general welfare of the community and that exclusionary or unduly restrictive zoning techniques do not have the requisite substantial relationship. An ordinance that is exclusionary or unduly restricted is one in which the limitation may be improper because its effect is to exclude people entirely from the municipality or that the severity of the restriction is unjustified for police power purposes. *Id.* The *Martin* court also states that the burden of overcoming an ordinance's presumption of validity remains on the challenger when no total prohibition of a lawful use from the whole area of the municipality is evidenced.

2. In reviewing a decision of a zoning hearing board where the trial court takes no additional evidence, this court is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. *Valley View Civic Assoc. v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

The *Martin* court was faced with a ten-acre lot area minimum for about one third of the township's area, while the remaining residential districts were subject to one-acre lot area minimums. In concluding that the ordinance was unconstitutional, the court noted that at some point the size of lots ceases to be a public regulation and becomes simply a matter of private preference. The *Martin* court discussed various cases, including *Concord Township Appeal*, 439 Pa. 466, 268 A.2d 765 (1970), a case in which two and three acre minimum lot sizes for single family homes were held unconstitutional. However, the *Concord* court did not rule out two and three acre lots; rather it held that in those cases extraordinary justification relating to the public interest was needed to balance the regulatory impact. *See also Kirk*, which relied on *Martin*, stating that extraordinary justification is required only where the zoning ordinance calls for a minimum lot size exceeding two acres.

■ We have also examined Section 603 of the MPC, 53 P.S. § 10603, which provides that zoning ordinances should reflect the policy goals of the statement of community development objectives and give consideration to the character of the municipality, the needs of the citizens and the suitability and special nature of particular parts of the municipality. The MPC allows ordinances to determine density of population and intensity of use. See also *Kirk*.

■ Appellants allege that the zoning ordinances are arbitrary and capricious and do not have a substantial relationship to the public health, safety, morals or general welfare of the community. They contend that the ordinances are invalid and any application of the ordinances is unconstitutional. The main thrust of Appellants' argument is that the Township failed to justify the enactments of the various ordinances on public safety, health and welfare grounds in part because allegedly no studies were conducted to establish the nexus between the size of the lots and safety, health and welfare. The trial court noted that the ZHB listed at least eight reasons [3] justifying the minimum lot size and concluded that they were consistent with the Comprehensive Plan, a reliance that the court in *Mill Valley Associates v. Zoning Hearing Board of Tredyffrin Township*, 126 Pa.Cmwlth. 340, 559 A.2d 985 (1989), *petition for allowance of appeal denied*, 527 Pa. 656, 593 A.2d 427 (1990), states is to be considered in relationship to the issue of the exclusionary effect of the ordinance. We agree with the trial court's reasoning and conclude that it is supported by case law and provisions in the MPC.

■ Although Appellants do not argue that on its face the ordinances are exclusionary, they do argue that with the increase in the minimum size of the housing lots in the Township will be less affordable and in this way is exclusionary. The court in *Stahl v. Upper Southampton*

---

**3.** Specifically, the trial court stated:

The [ZHB] concluded that the minimum lot size requirements were justified for essentially the following reasons: (1) adherence to the Cranberry Township Comprehensive Development Plan; (2) environmental concerns, including but not limited to the impact on flood plans [sic], stream beds, wetlands, poor soil, and steep slopes; (3) to preserve the rural nature of the community and its high quality of life; (4) to control population density growth, both residential and non-residential; (5) to maintain the integrity of Cranberry Township's infrastructure and costs related to schools, water, sewage, roads, police, fire, ambulance, recreation, and other public facilities; (6) to minimize traffic congestion and concerns; (7) to uphold the general health, safety, and welfare of the community; and (8) to encourage the efficient use of land.

(Trial court's opinion, p. 19).

*Township Zoning Hearing Board,* 146 Pa. Cmwlth. 659, 606 A.2d 960 (1992), *petition for allowance of appeal denied,* 533 Pa. 639, 621 A.2d 584 (1993), decided the issue concerning whether an ordinance was exclusionary in effect or was unduly restrictive because it allowed only three mobile homes per acre combined with a requirement of single ownership for the entire mobile home park. In reversing the denial of a petition for a curative amendment, the court examined the use involved and determined whether the restrictions were unreasonably burdensome with regard to the use. The court explained that it is error to equate "economic loss with economic infeasibilty." *Id.* at 967. So long as the ordinance requirements do not make the development of a use permitted by the ordinance economically impossible, the ordinance is not unconstitutional. The *Stahl* court reversed the denial of the petition for a curative amendment, concluding the combination of restrictions essentially precluded a legitimate use by indirect means. *See also BAC, Inc. v. Board of Supervisors of Millcreek Township,* 534 Pa. 381, 633 A.2d 144 (1993) (affordability is not an issue when determining an ordinance's constitutionality). Appellants' argument in this regard is misplaced.

 As for the steep slope and impermeability issue, the trial court concluded that the restrictions were reasonable, citing the ZHB's findings that reveal that these provisions promote preservation of environmentally sensitive areas, decrease possible landslide and erosion problems, public infrastructure servicing problems and enhanced green space. We agree. *See Jones v. Zoning Hearing Board of the Town of McCandless,* 134 Pa.Cmwlth. 435, 578 A.2d 1369 (1990) (challenged regulations encompassed in an ordinance amended to implement a comprehensive plan were held to be reasonable in that they allowed development but preserved the natural resources of the district); and *South Whitford Associates v. Zoning Hearing Board of West Whiteland Township,* 157 Pa.Cmwlth. 387, 630 A.2d 903 (1993), *petition for allowance of appeal denied,* 538 Pa. 652, 647 A.2d 905 (1994) (board's interpretation of ordinance's impervious coverage provision was reasonable because it was in accord with the ordinance's stated purpose).

 Additionally, Appellants argue that restrictions on development concerning conditional use applications are unconstitutional because they are vague, indefinite and subject to arbitrary application. The trial court stated that Appellants failed to identify specific language in the ordinances that they allege is vague and ambiguous. Moreover, the trial court indicated that the ordinances provide which types of property require a conditional use permit, the procedure to obtain a permit, the criteria to be followed in granting or denying the request and the fact that the MPC governs the process.

An ordinance is unconstitutionally vague and violates due process when persons of common intelligence must guess at its meaning. Vague ordinances 'proscribe activity in terms so ambiguous that reasonable persons may differ as to what is actually prohibited,' and invite arbitrary and discriminatory enforcement because they do not set reasonably clear guidelines for law officials and courts. *Scurfield Coal, Inc. v. Commonwealth,* 136 Pa.Commonwealth Ct. 1,7, 582 A.2d 694, 697 (1990). Difficulty in establishing whether a situation falls within the penumbra of statutory language which is challenged as vague does not render the language unconstitutional unless it 'fails to convey sufficiently definite warning as to proscribed conduct when measured against common understanding and

practices.' *Slovak–American Citizens Club of Oakview v. Pennsylvania Liquor Control Board,* 120 Pa.Commonwealth Ct. 528, 531–32, 549 A.2d 251, 253 (1988).

*Farley v. Zoning Hearing Board of Lower Merion Township,* 161 Pa.Cmwlth. 229, 636 A.2d 1232, 1239 (1994), petition for allowance of appeal denied, 539 Pa. 658, 651 A.2d 544 (1994). Again, we agree with the trial court's conclusion that the provisions of the ordinance concerning conditional uses are not vague or ambiguous. As stated by the trial court, the provisions included the necessary specifics that involve the application procedure and the grant or denial of conditional use permits.

■ Although we recognize that zoning impacts a landowner's right to use his or her property, we also recognize that where there are differences of opinion on how to regulate land use "courts cannot substitute their judgment for that of the authorities who enacted the legislation." *Bilbar Construction Co. v. Board of Adjustment of Easttown Township,* 393 Pa. 62, 71–72, 141 A.2d 851, 856 (1958). "The courts are neither a super zoning hearing board nor a planning commission of last resort." *Kirk,* 713 A.2d at 1231 (citing *National Land*).

This court's review of the extensive record in this case reveals that there is a rational, legitimate foundation for the enactment of the various ordinances at issue and having ascertained that courts generally defer to legislative judgment in zoning matters, we conclude that the ordinances are not constitutionally invalid. The lot sizes are not of the size that require extraordinary justification and were based on a foundation of legitimate community concerns. Moreover, with regard to Appellants' argument that no studies were undertaken, we note that no case law supports such a requirement. The Comprehensive Plan, prepared in accordance with the MPC, extensively sets out the goals, which the community wished to have implemented. This was accomplished through the enactment of the ordinances, which both the ZHB and the trial court concluded was neither vague, ambiguous nor violated constitutional parameters.

■ This appeal is essentially an attack on the concept of zoning as an improper exercise of the police power granted to a municipality's governing body, which is an issue that was long ago settled by the United States Supreme Court in *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). Further, the issue of maximum profitability has also been put to rest; it is not a legitimate issue that can be raised in the context of the exercise of a municipality's police power. *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).

Accordingly, based on the reasons set forth above, we affirm.

### ORDER

AND NOW, November 30, 2001, the order of the Court of Common Pleas of Butler County in the above-captioned case is hereby affirmed.

The decision in this case was reached before the death of Judge RODGERS.