## Geosits v. Emmaus Borough Council

*Jeffrey Bartges,* for appellants.

*Charles Fonzone* and *Frank G. Procyk,* for appellees.

BLACK, *P.J.,* August 21, 2007—Before the court are the consolidated appeals of 11 property owners in the Borough of Emmaus from decisions of the Emmaus Borough Council denying their applications for waiver or exemption from Emmaus Borough Ordinance 989, which requires them to install sidewalks on their prop-

erties. We previously denied the borough's motion to quash the appeal of Margaret C. Geosits, one of the property owners, in our order of January 31, 2007.

After argument on the merits of the appeals, we find that the appeals must be sustained and the appellants exempted from any requirement to install sidewalks on their properties pursuant to the ordinance.

## BACKGROUND

Emmaus Borough Council enacted the ordinance on January 17, 2005. The preamble to the ordinance recites the following:

"Whereas, the Borough Council of the borough of Emmaus has determined the need for a new comprehensive, community-wide policy to govern the requirement, installation, construction and maintenance of sidewalks, curbs, handicap ramps and driveway crossovers throughout the Borough of Emmaus; and

"Whereas, a new ordinance is necessary to state when, where and how sidewalks must be installed, constructed and maintained; and

"Whereas, certain sections of the borough are not conducive to the installation and construction of sidewalk for various topographical and logistical reasons which the Borough Council intends to permanently exempt from the obligation to install and construct sidewalks; and

"Whereas, the Borough Council intends to connect all areas of the borough with concrete sidewalks; and

"Whereas, the Borough Council determines that it is in the best interest of the health, safety and welfare of

the citizens of the Borough of Emmaus to enact the following . . . ."

In accordance with this preamble, section 401(c) of the ordinance exempts certain areas of the township from the requirement to install sidewalks. Those property owners who were not exempted under the terms of the ordinance were to be notified in writing when they were to install sidewalks on their properties.

During May 2005, the borough manager sent notices to numerous property owners in the borough, including the various appellants. The notices informed them that they were to install sidewalks on their properties, but that if they objected, they could file a request for relief from the ordinance. The notices stated, in pertinent part, the following:

"If you believe that council made a mistake by requiring your property or street to have sidewalk, please either write to Borough Council at 28 S. 4th Street, Emmaus, PA 18049 or attend a council meeting, which are held on the first and third Mondays of each month, to ask the council to consider any request that you may have. All requests will be reviewed by the Public Works Committee, which will make a recommendation to council concerning action to be taken."[1]

The notices did not identify any standards that would be applied in determining whether relief from the ordinance would be granted.

---

1. Complaint, exhibit B, in docket no. 2006-C-1987.

More than 100 property owners who received these notices, including the appellants, filed requests for a waiver or exemption from the ordinance. These requests were referred to council's Public Works Committee for its review and recommendation. The committee then referred the requests to the full council for decision.

Council approved the majority, but not all, of these requests for relief from the ordinance. The ordinance itself does not establish any procedure for waiver or exemption. Council made these decisions on an ad hoc basis without any predetermined standards. No formal written decisions were issued setting forth the reasons for the grant or denial of the various requests. The ordinance was never formally amended to exclude any of the newly exempted properties.

Regarding the appellants' requests for relief, the Public Works Committee voted two-to-one to recommend approval of the Geosits' request, but voted to deny the requests for relief on the part of the other appellants. These matters were then referred to the full council for a formal vote.

On April 17, 2006, at its regular public meeting, and after discussion, council voted four-to-three to deny the request by Geosits for a waiver or exemption from the ordinance. Later, at council's public meeting on June 5, 2006, council voted five-to-two to deny the requests for relief made by the other appellants.

The appellants have all appealed council's denial of their requests for waiver or exemption from the ordinance.

## DISCUSSION

The borough is authorized by the Borough Code at 53 P.S. §46801 to regulate sidewalks within its jurisdiction. Section 46801 provides:

"Any borough may lay out, ordain and establish sidewalks, curbs, gutters and surface water drains along any street . . . and may, with or without petition, require owners of property abutting on any street . . . to grade, construct, drain, pave and repave the sidewalk, curb or gutter and keep the same in repair . . . ."

Borough Ordinance 989 was enacted pursuant to this authorization. However, the ordinance cannot be considered in a vacuum. The procedures adopted by the borough to implement and administer the ordinance must also be taken into account. This includes the invitation from the borough manager to numerous property owners, including the appellants, to apply to council for relief from the ordinance.

The ordinance itself does not contain any provision for waivers or exemptions to be granted. Neither the ordinance nor the letter from the borough manager sets forth any standards to be applied by the borough for granting waivers or exemptions. Council did not adopt written decisions stating the reasons for granting or denying the requests for waiver or exemption. As a result, there is no way for an individual property owner to obtain meaningful judicial review of council's decision on his or her particular request for relief.

We find that the procedure employed by the borough with respect to waivers and exemptions from Ordinance

989 was deeply flawed. It violates the due process clause of the Fourteenth Amendment to the United States Constitution. Regardless whether the ordinance itself was a valid legislative enactment,[2] the manner in which the borough invited and acted upon waiver and exemption requests clearly did not meet federal constitutional standards.

An ordinance must contain standards to govern its application. As stated in McQuillin, Municipal Corporations, §25.62, at 109 (8th ed.), "an ordinance must establish a standard to operate uniformly and govern its administration and enforcement in all cases, and . . . an ordinance is invalid where it leaves its interpretation, administration or enforcement to the unbridled or ungoverned discretion, caprice or arbitrary action of the municipal legislative body or of administrative bodies or officials . . . ."

This principle was applied in *Orwell Township Supervisors v. Jewett,* 132 Pa. Commw. 30, 571 A.2d 1100 (1990), to invalidate a junkyard ordinance. In *Orwell,* the court reviewed an ordinance that permitted a township to refuse a license to operate a junkyard on the basis of aesthetic reasons alone. The court held that such a standard was too vague and indefinite to ensure uniformity in its application. Hence the ordinance was unconstitutionally vague. See also, *Fisher v. Viola,* 789 A.2d 782, 787 (Pa. Commw. 2001) ("An ordinance is unconstitu-

---

2. The ordinance itself without the exemption process might pass constitutional muster. We do not decide this issue since it is not before us.

tionally vague and violates due process when persons of common intelligence must guess at its meaning.").

In the instant case, Ordinance 989 contains no standard whatsoever for evaluating applications for waiver or exemption. Yet the borough invited such applications. The letter inviting applications for relief did not identify any legal standards by which the applications would be considered, and council never adopted any standards in subsequent legislation. As a result, council was left with unbridled discretion to grant or deny such requests.

A waiver or exemption process without specific standards opens the door to a lack of consistency in decision-making. That appears to be exactly what occurred here. The record reflects that council took a growing number of factors into consideration with each new request for waiver or exemption, resulting in unpredictable outcomes and unequal treatment. For example, council voted to grant exemptions to property owners at 336 and 350 S. Twelfth Street because of the presence of mature trees.[3] Later, however, council denied an exemption to Dalton Street property owners, giving no weight to the fact that a mature tree would similarly be obstructing the path of the sidewalk.[4]

The preamble to the ordinance states that in exempting part of the township from the sidewalk requirement council has considered "topographic and logistical" factors (not identified). The preamble also states that council is acting for the benefit of the "health, safety and welfare" of the community. The borough suggests that

---

3. Emmaus Borough Council minutes, 3/6/2006, p. 39.
4. Notes of Testimony, 4/17/2006, 2, 11-12.

this preamble provides an adequate standard for review of the numerous exemption requests. We find this argument unconvincing for several reasons. First, the ordinance says nothing about a procedure for waivers or exemptions, and there is no basis for assuming that the preamble applies to the waiver/exemption applications. Second, the borough manager's invitation for requests for relief did not identify any such standards. Third, the actions by council did not purport to apply any standards of general applicability. Fourth, the discussion by the Public Works Committee and by council included consideration of numerous factors, including personal hardship, unrelated to anything in the preamble.

Significantly, when the Geosits' appeal was argued before this court on the borough's motion to quash, we questioned the lack of standards in the ordinance for evaluating waiver or exemption claims. We have been advised that council then attempted to develop such standards, but was unable to agree on what those standards should be.[5] If council, even at this late date, cannot agree on the standards to be applied for waivers or exemptions, it is impossible for this court to find that council members all had the same standards in mind when they heard and decided the more than 100 applications for relief.

For these reasons, the waiver/exemption procedure employed by the borough did not meet due process re-

---

5. According to the borough's legal counsel, "Council has not been able to agree on an amended ordinance providing definite criteria and a procedure involving any request by a resident for an exemption from the ordinance . . . ." Letter from Frank Procyk, Esquire, to the court dated May 23, 2007.

quirements. Neither Ordinance 989 nor any subsequent legislation established a standard for waiver or exemption requests to be evaluated on a uniform and consistent basis. Consequently, the appellants were deprived of liberty and property rights without due process of law, and their appeals must be sustained.

## ORDER

Now, August 21, 2007, upon consideration of the consolidated appeals filed by appellants from the decisions of the Emmaus Borough Council denying their requests for waiver or exception from Borough Ordinance 989, after review of the parties' briefs and oral argument and for the reasons set forth in the accompanying opinion, it is ordered that said appeals are sustained; the decisions of the Emmaus Borough Council on appellants' requests for relief are reversed; and appellants shall not be required to install sidewalks on their properties under Ordinance 989.