# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Stoltzfus and      :
JoAnn Bucklar      :
     :
       v.      :   No. 71 C.D. 2021
     :   SUBMITTED: December 13, 2021
West Manchester Township Zoning      :
Hearing Board and West Manchester      :
Township      :
     :
Appeal of: West Manchester Township    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**           **FILED: January 18, 2022**


West Manchester Township appeals from an order of the Court of Common Pleas of York County that (1) reversed the decision of the West Manchester Township Zoning Hearing Board (ZHB) denying the interpretation appeal, special exception request, and variance request filed by Applicants, Steven Stoltzfus and JoAnn Bucklar, pertaining to the second-story addition to their detached garage; and (2) remanded the matter to the ZHB "for adjudication not contradicting this OPINION." (Jan. 5, 2021 Trial Ct. Mem. Op. at 1; Reproduced Record "R.R." at 103a.)[1] For the reasons that follow, we reverse.

---

[1] On April 8, 2021, we retained jurisdiction but remanded the matter for entry of a separate order disposing of the land use appeal in accordance with Rule 301 of the Pennsylvania Rules of
**(Footnote continued on next page…)**

The facts as found by the ZHB are as follows.[2] Applicants are the owners of a property located at 2385 Taxville Road, York, Pennsylvania, in the Township's Rural Residential zoning district. (ZHB's March 24, 2020 Decision, Findings of Fact "F.F." Nos. 2 and 3.) "The property consists of a single[-]family detached dwelling; an inground swimming pool; [a] detached three-car garage with a second[-]story addition and deck; and a detached shed." (F.F. No. 4.) The second-story addition, which Applicants constructed without first obtaining a building permit, is approximately 900 square feet and brings the height of the detached garage structure to approximately 24 feet. (F.F. Nos. 5 and 6.) Applicants described the "addition as 'in-law' quarters or 'multi-generational' living quarters" and stated that it was intended to house two adult relatives. (F.F. No. 7.)

Appellate Procedure. The trial court reiterated: [F]or the reasons set forth in this Court's Memorandum Opinion of January 5, 2021, this Court hereby REVERSES the decision of [the ZHB], and REMANDS this case for adjudication not contradicting the previous Opinion's holdings." (Apr. 12, 2021 Trial Ct. Order; R.R. at 104a.)

In June 2021, we directed the parties to address the appealability of the trial court's order because it did not appear to be a final, appealable order under Rule 341 of the Pennsylvania Rules of Appellate Procedure. (June 2, 2021 Com. Ct. Order.) We now conclude that the order constituted a final decision on the merits because the trial court's remand was for purely administrative purposes that afforded the ZHB no discretion in the outcome. "An appeal may be taken as of right from: (1) an order of a common pleas court . . . remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion . . . ." Pa. R.A.P. 311(f). Here, the trial court decided the merits of the case by reversing the ZHB's interpretation of its ordinance and the denial of Applicants' variance request. The trial court did not remand the matter to the ZHB to hear additional evidence, to make additional fact findings, or to clarify its decision. Instead, the trial court directed the ZHB not to take any action which would contradict the trial court's decision.

[2] The trial court did not take additional evidence. If the record contains substantial evidence, this Court is bound by the ZHB's findings that result from the resolution of credibility and conflicting testimony. *Pohlig Builders, LLC v. Zoning Hearing Bd. of Schuylkill Twp.*, 25 A.3d 1260, 1266 (Pa. Cmwlth. 2011). Substantial evidence is defined as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Pequea Twp. v. Zoning Hearing Bd. of Pequea Twp.*, 180 A.3d 500, 504 (Pa. Cmwlth. 2018).

Following a complaint, the Township issued a notice of violation directing Applicants to cease and desist use of the addition as a second dwelling unit and advising them that only one principal use is allowed on a lot of land. (F.F. No. 9.) In addition, it notified them that the failure to obtain a building permit violated both the West Manchester Township Zoning Ordinance (Zoning Ordinance) and Pennsylvania's Uniform Construction Code.[3] (Sept. 17, 2019 Notice of Violation at 1-2; R.R. at 105a-06a.)

Subsequently, Applicants applied for a hearing before the ZHB requesting: (1) an interpretation of Section 150-24(L) of the Zoning Ordinance addressing "[a]ccessory uses customarily incidental to" the permitted uses of property within the Rural Residential zoning district; (2) a special exception with respect to Section 150-9 of the Zoning Ordinance addressing "[u]ses not specifically permitted"; and (3) a variance with respect to Section 150-30(B) of the Zoning Ordinance stating that the "[m]aximum permitted height" for "[a]ccessory buildings and structures" within the Rural Residential zoning district is 15 feet (Applicants sought a height variance of 9 feet). Following a hearing at which Applicant Stoltzfus and Zoning Officer Rachelle Sampere testified, the ZHB denied all of Applicants' requested relief. Without taking additional evidence, the trial court reversed and remanded for an adjudication not contradicting its opinion. The Township's appeal followed.

**I.**

The Township argues that the ZHB correctly decided that the second-floor addition to the garage constitutes an impermissible second single-family detached dwelling on one lot and not a permitted accessory use of the preexisting

---

[3] The regulations found in Pennsylvania's Uniform Construction Code, 34 Pa. Code §§ 401.1-405.42, were promulgated under the Pennsylvania Construction Code Act, Act of November 10, 1999, P.L. 491, No. 45, *as amended*, 35 P.S. §§ 7210.101-7210.1103.

single-family detached dwelling. The applicable Zoning Ordinance provisions, which support the ZHB's determination, provide as follows. Permitted uses in the Rural Residential zoning district include, *inter alia*, "[s]ingle-family detached dwellings" and "[a]ccessory uses customarily incidental to the above permitted uses." Zoning Ordinance §§ 150-24(B) and (L). "[O]nly one specific principal use shall be allowed on a lot of land." *Id.*, § 150-12.1. A "single-family detached" dwelling is defined as "[a] freestanding building containing one dwelling unit for one family and having two side yards, one front and one rear yard . . . ." *Id.*, § 150-5. A "dwelling unit" is defined as "a building or portion thereof arranged or designed for occupancy by not more than one family and having separate cooking and sanitary facilities." *Id.* An "accessory use" is defined as "a use customarily incidental and subordinate to the principal use or building and located on the same lot with this principal use or building." *Id.*

The ZHB determined that the second-story addition at issue was a single-family detached dwelling unit and the undisputed facts support that legal determination. The approximately 900-square-foot addition is located in a detached structure, formerly used as a garage, approximately 186 feet away from the preexisting single-family detached dwelling. With its own cooking and sanitary facilities, the addition features two bedrooms, a bath, a kitchen, and a living room. (F.F. No. 8.) Where, as here, the language of the ordinance is clear and free from any ambiguity, the ZHB's interpretation of its own ordinance is entitled to great weight and deference. *City of Hope v. Sadsbury Twp. Zoning Hearing Bd.*, 890 A.2d 1137, 1143 (Pa. Cmwlth. 2006).

Moreover, the proposed use of the second-story addition as a residence is not listed in the Zoning Ordinance as a permitted accessory use. As the Zoning Officer testified:

4

> [A] second dwelling unit on the property is not customary nor incidental to [the] permitted use of the single[-]family detached dwelling.

> Although the term in-law quarters is not specifically defined in the [] [Z]oning [O]rdinance, the terms dwelling unit and single[-]family detached dwellings are defined . . . .

> [A] single[-]family detached dwelling has been provided for as a permitted use in the [R]ural [R]esidential zone. It is my interpretation that a dwelling unit in a separate building with its own cooking and sanitary facilities is not customary nor incidental to a single[-]family detached dwelling.

(Feb. 25, 2020 Hearing, Notes of Testimony "N.T." at 41-42; R.R. at 131a-32a.) Applicants presented no evidence, expert or otherwise, in contradiction of that testimony. Accordingly, a detached building used as a residence is not permitted on the same lot as the preexisting single-family dwelling.

## II.

In the proceedings below, Applicants contended that their "in[-]law suite" or "multi-generational" quarters constituted a distinct use not defined in the Zoning Ordinance and therefore was allowed as a conditional use. The trial court agreed, crafting its own definition of "multi-generational living quarters."[4] The

---

[4] The trial court determined that a proper analysis of the case necessitated that it set a definition of "multi-generational living quarters," which it equated with "in[-]law suites." It set the following definition:

> A multi-generational living quarters is a portion of a structure designated on a property in order to provide dwelling space to some subset of the family unit. Sometimes these are spaces that exist on the property before they are separately designated, and sometimes they are additionally constructed. Sometimes these spaces are attached to the main residence directly, with the only mode of ingress or egress being through the main residence, and sometimes conversely they are entirely detached structures. Perhaps they could

**(Footnote continued on next page…)**

5

Township appeals that determination as an error of law, and we agree. A "use not specifically permitted" is defined as follows: "Any use not specifically allowed elsewhere in this chapter shall be allowed by special exception in the zone or zones where, and to the extent that similar uses are permitted or allowed by special exception, provided that said use meets the requirements for a special exception and does not constitute a public or private nuisance." Zoning Ordinance § 150-9. We first note that an "in-law suite" or "multi-generational living quarters" is simply one variety of residential use, and that Applicants already have multiple generations living in their main house without challenge from the Township. Even if we agreed that "multi-generational living quarters" was a specific "use" that was omitted from the Zoning Ordinance, it could not be permitted as a conditional use in the structure proposed by Applicants, because that would be explicitly prohibited by the terms of the Zoning Ordinance. The outbuilding with a second-story addition as a residence fits squarely within the definition of single-family detached dwelling, of which there can be only one per lot in the Rural Residential zoning district. In other words, the use itself is permitted in some circumstances, but Applicants' proposed plan is specifically prohibited.

---

> be new structures constructed to share a wall with the main residence, and perhaps they could be modifications of existing structures' internal layouts in order to specifically designate the space as a multi-generational living quarters. What is most fundamental to these spaces however, is that they are exclusively designated for individuals who can be considered to be part of the family who resides in the principal-use single-family dwelling unit. For purposes of this Opinion, that will be limited to families as defined by the Ordinance, at [Section] 150-5, specifically when it describes "[t]wo or more persons related by blood, marriage, or adoption occupying a dwelling unit."

(Trial Ct.'s Jan. 5, 2021 Mem. Op. at 5; R.R. at 88a.)

It is well established that "where there are differences of opinion on how to regulate land use 'courts cannot substitute their judgment for that of authorities who enacted the legislation.'" *Fisher v. Viola*, 789 A.2d 782, 788 (Pa. Cmwlth. 2001) (citation omitted). Courts may not act as "a super zoning hearing board nor a planning commission of last resort." *Id*. (citation omitted). Section 601 of the Pennsylvania Municipalities Planning Code (MPC)[5] provides: "The governing body of each municipality, in accordance with the conditions and procedures set forth in this act, may enact, amend and repeal zoning ordinances to implement comprehensive plans and to accomplish any of the purposes of this act."

Further, besides asserting that the neighbors had a structure similar to that of Applicants' addition and that Applicants' use of the proposed in-law quarters "fit in" and was "in harmony" with the community, Applicants offered no evidence in support of the criteria that must be met for the approval of a special exception.[6] The fact that a neighbor has the same type of structure for which an applicant is

___

[5] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10601.

[6] The ZHB may grant a special exception when it finds from a preponderance of the evidence produced at a hearing that:

> (a) The proposed use, including its nature, intensity and location, is in harmony with the orderly and appropriate development of the zone.
>
> (b) Adequate water supply, sewage disposal, storm drainage and fire and police protection are and can be provided for the use.
>
> (c) The use of adjacent land and buildings will not be discouraged and the value of adjacent land and buildings will not be impaired by the location, nature and height of buildings, walls and fences.
>
> (d) The use will have proper location with respect to existing or future streets and will not create traffic congestion or cause nonresidential traffic on local residential streets.

Zoning Ordinance § 150-302(D)(1)(a)-(d).

seeking approval does not mean that the applicant is entitled to its requested relief. *See Vito v. Zoning Hearing Bd. of Borough of Whitehall*, 458 A.2d 620, 621 (Pa. Cmwlth. 1983) (holding that "grants of variances to one's neighbors do not, as a matter of law, furnish a property owner with any legal justification for a variance").

**III.**

Applicants sought a variance from the 15-foot maximum height requirement for accessory buildings and structures set forth in Section 150-30(B) of the Zoning Ordinance to allow their addition to stand at a height of 24 feet. (F.F. No. 20.) The Township argues that the trial court erred in finding that Applicants' request for a height variance was *de minimis* in nature and that Applicants satisfied the requirements for a variance. The Township also asserts that Applicants did not raise the *de minimis* doctrine before the ZHB and that, therefore, it was error for the trial court to consider it. As we have concluded that the Zoning Ordinance prohibits the residential use of the structure, it remains as a garage or other unoccupied outbuilding, so it qualifies as an accessory use to their single-family home and is thus subject to the height limitation. An accessory structure is defined as "a structure associated with an accessory use, including but not limited to swimming pools, patios, decks, antennas, tennis courts, garages, utility sheds, etc." Zoning Ordinance § 150-5. The 9-foot difference amounted to a 60% height increase. (F.F. No. 21.) Such a difference can hardly be deemed *de minimis*. "The *de minimis* doctrine is a narrow exception to the heavy burden of proof involved in seeking a variance." *Dunn v. Middletown Twp. Zoning Hearing Bd.*, 143 A.3d 494, 506 (Pa. Cmwlth. 2016). Accordingly, even if Applicants had raised it, the record simply does not support the trial court's determination.

Further, we agree with the ZHB that Applicants failed to establish the elements necessary for a variance as set forth in Section 150-301(b) of the Zoning

8

Ordinance,[7] which was adopted from Section 910.2 of the MPC.[8]  As this Court has noted in the context of a dimensional variance:

> [T]he [b]oard may grant a requested variance where it finds that an applicant has established the following conditions:
>
> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
>
> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
>
> (3) That such unnecessary hardship has not been created by the [applicant].

---

[7] The ZHB found:

> 23. [] Applicants provided no testimony concerning hardship, including any indication that there are any unique physical circumstances of the property which give rise to a hardship.
>
> 24. Any alleged "hardship" would be completely self-created because Applicants constructed the non-conforming addition themselves in violation of the Zoning Ordinance.
>
> 25. Applicants cannot meet their heavy burden of demonstrating a hardship that would entitle them to a variance.

(F.F. Nos. 23-25.)

[8] Section 910.2 was added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

9

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

*Lawrenceville Stakeholders v. City of Pittsburgh Zoning Bd. of Adjustment*, 247 A.3d 465, 473 (Pa. Cmwlth. 2021).

Here, it is undeniable that Applicants have a reasonable use of their property, which is zoned for one single-family home and they are using it as such. In addition, the only hardship alleged by Applicants is their desire to house more members of their extended family than will fit into their house. This "hardship" is not caused by any aspects of the property itself, let alone any "unique physical circumstances" thereof. Variances are warranted "only where the property, not the person, is subject to the hardship." *One Meridian Partners, LLP v. Zoning Bd. of Adjustment of City of Phila.*, 867 A.2d 706, 710 (Pa. Cmwlth. 2005).

Accordingly, we reverse.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Stoltzfus and     :
JoAnn Bucklar     :
    :
    v.     :    No. 71 C.D. 2021
    :
West Manchester Township Zoning     :
Hearing Board and West Manchester     :
Township     :
    :
Appeal of: West Manchester Township    :

# **O R D E R**

AND NOW, this 18th day of January, 2022, the order of the Court of Common Pleas of York County is hereby REVERSED.

 

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita