559 A.2d 985

**MILL VALLEY ASSOCIATES, Appellant,**

**v.**

**ZONING HEARING BOARD OF TREDYFFRIN TOWNSHIP
and Tredyffrin Township Board of Supervisors, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1988.

Decided May 30, 1989.

John C. Snyder, Sean A. O'Neill, and Lentz, Cantor, Kilgore & Massey, Ltd., Paoli, for appellant.

John S. Halstead, West Chester, for appellees.

Ronald C. Nagle, Buckley, Nagle, Gentrey, McGuire & Morris, West Chester, for Tredyffrin Bd. of Supervisors.

Before CRAIG and Judge BARRY, JJ., and NARICK, Senior Judge.

## OPINION

BARRY, Judge.

Mill Valley Associates (Mill Valley) appeals an order of the Court of Common Pleas of Chester County which affirmed a decision of the Zoning Hearing Board of Tredyffrin Township (ZHB) denying its constitutional challenge to the R–½ minimum lot size requirement of the Tredyffrin Township Zoning Ordinance (ordinance). We reverse.

Mill Valley, an equitable owner of seventy-four acres of land, sought to develop its tract to be comprised of 30,000 square foot lots in an R–½ district which has a minimum lot size requirement of one hundred thousand square feet. This requirement is the approximate equivalent of 2⅓ acres. Mill Valley filed a challenge to the validity of Section 602.A of the ordinance which sets forth the R–½ minimum lot size requirement. Mill Valley challenges the ordinance on the basis that the minimum lot size requirement is not a legitimate exercise of police power, is unreasonably restrictive and lacks any purpose reasonably related to the protection of the public health, safety or welfare. We note that Mill Valley has *not* challenged the constitutionally of the ordinance on the basis that it is exclusionary.

On February 3, 1987, following sixteen hearings which were held over the course of eighteen months, the ZHB voted unanimously to deny Mill Valley's challenge. Mill

Valley appealed to the trial court which affirmed the ZHB's decision. Mill Valley now appeals to this Court.

Where, as here, the trial court has not taken additional evidence our scope of review is limited to a determination of whether the ZHB committed a manifest abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

First, we note that minimum lot area requirements may be challenged on constitutional grounds on the basis that they are exclusionary or are unduly restrictive. Further, in a case involving a challenge that the minimum lot size requirement was unduly restrictive, our Supreme Court has commented on the issue of reasonableness that inasmuch as zoning for density is a legitimate exercise of police power, *Bilbar Construction Company v. Easttown Board of Adjustment*, 393 Pa. 62, 141 A.2d 851 (1958), "it is impossible ... to say that any minimum acreage requirement is unconstitutional per se." *National Land and Investment Company v. Easttown Township Board of Adjustment*, 419 Pa. 504, 523, 215 A.2d 597, 608 (1965). Rather, the constitutionality of minimum lot size requirements must be determined on a case-by-case basis. *Caste v. Zoning Hearing Board of Whitehall Borough*, 70 Pa.Commonwealth Ct. 368, 453 A.2d 69 (1982), *Hess v. Upper Oxford Township*, 17 Pa.Commonwealth Ct. 399, 332 A.2d 836 (1975). Such a requirement may be declared unconstitutional if "the severity of its restrictive impact on the owner of the regulated property is unjustified for police power purposes...." *Martin v. Township of Millcreek*, 50 Pa.Commonwealth Ct. 249, 252, 413 A.2d 764, 765 (1980). It has also been determined that minimum lot size requirements of two and three acres can be upheld only in the face of "extraordinary justification related to the public interest." *Id.*, 50 Pa.Commonwealth Ct. at 256, 413 A.2d at 767. After a careful review of the record we conclude that there is no evidence of extraordinary justification for the 2⅓ acre minimum lot size requirement in this case.

In reviewing the ZHB's decision we infer that it concluded that the lot size was justified for essentially four reasons: 1) ecological concerns; 2) adherence to the Township's overall planning scheme; 3) sewage concerns, and; 4) traffic concerns.  We will address each reason seriatim.

■  First, the property Mill Valley seeks to develop is located in an area of the Township which has carbonate rock (limestone) formations as its predominant geological feature.  The ZHB notes the concern with respect to development of the carbonate area in its finding of fact no. 17 which states in pertinent part, "Development of buildings, impervious surfaces, sewer lines, retention basins and related improvements in and over carbonate rock formations present critical environmental concerns because of the peculiar characteristics of limestone formations.  These include (1) sinkhole activity ..., (2) ghost lakes ..., (3) rock pinnacles ..., (4) disappearing streams ..., (5) land surface mottling ... and (6) solution channels."  While we recognize that these concerns may provide a valid basis upon which the Township structured its overall planning, we note that the ZHB has made *no* finding that *any* minimum lot size requirement would diminish the potential adverse effects of development in this area.  Absent a finding by the ZHB that a minimum lot size requirement would in fact ameliorate these potential adverse effects, we cannot conclude that extraordinary justification exists to support the 2⅓ acre minimum lot size imposed here.

■  Second, the ZHB turned to the sections of the Township's zoning ordinance concerning purposes and community objectives and the Township's Comprehensive Plan to determine that the creation of the R–½ district was consistent with the stated purposes and objectives of the ordinance and plan.  As in *Martin* we conclude that the consideration of these factors by the ZHB relate to the issue of the exclusionary effect of the ordinance.  As noted above Mill Valley has not challenged the constitutionality of the ordinance as being exclusionary.  The consideration of these

factors is not related to the question of whether a 2⅓ acre minimum lot size requirement is unduly restrictive.

■ Third, the ZHB made numerous findings of fact concerning sewage service to the R–½ district. Two of these findings are of particular interest. First, finding of fact no. 27 states, "The subject site in particular would be economically feasible to sewer [to a public sewer] at a density of 100,000 square feet per lot." We find that this fact does not amount to extraordinary justification for the imposition of a 2⅓ acre minimum lot size requirement. This finding only relates to the proposition that it is economically feasible to provide public sewage to the district. We will not and cannot infer the corollary of this finding, *i.e.*, that it would *not* be economical to provide public sewage to this district if it contained lots smaller than 2⅓ acres thereby providing justification for the established minimum lot size requirement. Second, the ZHB also made the following finding with respect to on-site sewage systems in the R–½ district.

Within the limestone formations of the Chester Valley, the significance of lot size in relation to on-lot sewage systems is in direct relation to the natural limitations of carbonate rock formations and the soils they produce. Site suitability for these systems is variable on each lot, depending upon soil variability and location, depth to limestone rock limiting zones, such as pinnacles, depressions and the like, permeability of the soil, slope and water table height.

Finding of fact no. 37.

■ We conclude that this finding tends to support a determination *against* any specific lot size requirement. The finding specifically states that the appropriateness of on-site sewage systems with respect to the limitations present in limestone formations is variable as to each lot. Such a finding cannot provide support for a conclusion that a minimum lot size requirement of 2⅓ acres is necessary for on-site sewage systems in the R–½ district. We find neither this nor finding of fact no. 27 can be determined to

provide the extraordinary justification necessary to uphold the 2⅓ acre minimum here.

■ Finally, the ZHB made findings of fact concerning the traffic levels of the roadways which would service the proposed development. In *National Land,* our Supreme Court addressed the traffic issues which are raised by the ZHB's findings, *i.e.,* increased burden on the road system which would result from a more dense minimum lot size requirement and the difficulty of providing fire protection over the narrow roads. The Court stated:

> Zoning is a tool in the hands of governmental bodies which enables them to more effectively meet the demands of evolving and growing communities. It must not and can not be used by those officials as an instrument by which they may shirk their responsibilities. Zoning is a means by which a governmental body can plan for the future—it may not be used as a means to deny the future. The evidence on the record indicates that for the present and immediate future the road system of East-town Township is adequate to handle the traffic load. It is also quite convincing that the roads will become increasingly inadequate as time goes by and that improvements and additions will eventually have to be made. Zoning provisions may not be used, however, to avoid increased responsibilities and economic burdens which time and natural growth invariably bring.

419 Pa. at 527–28, 215 A.2d at 610. (footnotes omitted). This evaluation applies equally to the record now before us.

Based on the foregoing we must conclude that no relationship has been demonstrated between the 2⅓ acre minimum lot size requirement in the R–½ and the public health, safety or welfare. Accordingly, we determine that no extraordinary justification was shown to impose this restriction and the trial court's order affirming the ZHB's decision is reversed.

Having reversed on the basis that no evidence of extraordinary justification exists on the record we need not address Mill Valley's other arguments.

## ORDER

NOW, May 30, 1989, the order of the Court of Common Pleas of Chester County at No. 87–01141, dated March 7, 1988, is hereby reversed.

Section 602.A of the Tredyffrin Township Zoning Ordinance is declared unconstitutional and approval of the application of Mill Valley Associates is directed.