622 A.2d 431

**Gary M. HOCK, Appellant,**

v.

**The BOARD OF SUPERVISORS OF MOUNT PLEASANT TOWNSHIP, and James C. Labar, t/a/d/b/a Labar Realty Company.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided March 9, 1993.

Rebecca L. Warren, for appellant.

Alvin J. Luschas, for appellees.

Before CRAIG, President Judge, McGINLEY, Judge and LORD, Senior Judge.

CRAIG, President Judge.

Landowner Gary M. Hock appeals a decision of the Court of Common Pleas of Columbia County affirming a decision of the Board of Supervisors of Mount Pleasant Township that (1) denied the landowner's request for a curative amendment and (2) upheld the validity of a three-acre minimum lot size requirement for the development of single-family dwellings in Open Space Districts in the township.

The issues in this case are: (1) whether the township's ordinance is constitutionally invalid because it is unduly restrictive and confiscatory by requiring a minimum lot size of three acres for the construction of single-family dwellings in Open Space districts; and (2) whether the ordinance is unconstitutionally exclusionary because it permits the construction of single-family dwellings in Agricultural R districts only on lots with a minimum size of two acres and in Open Space districts only on lots with a minimum size of three acres.

The relevant facts as determined by the township's Board of Supervisors are as follows. The landowner owns 33.3 acres of land in an Open Space district and sought approval to develop four one-acre lots. The township has seven zoning districts; three permit single-family dwellings as of right and one permits them as a conditional use. The minimum lot size re-

quired for single-family dwellings in Residential and Commercial districts is one acre; one acre is the smallest minimum lot size in the township for the development of a single-family dwelling. The minimum lot size for such dwellings in Agricultural Residential districts is two acres. The Open Space district, for single-family dwellings, requires a minimum lot size of three acres and two hundred feet of frontage per lot.

In upholding the validity of the questioned ordinance, the board found that one of the purposes of the Open Space dimensional requirements is to keep lots in character in that district. The board found that another purpose of the minimum lot requirement is to preserve farmland and the practice of agriculture.

A third purpose the board found for the minimum lot requirement is pollution control. Specifically, the board determined that the township is the "water basin" of the Little Fishing Creek and provides the watershed for that waterway. Findings of Fact L and M. The creek is the sole source of water for the Bloomsburg Water Company, which supplies water to the town of Bloomsburg and several other municipalities. The township has no sewage treatment or collection system and no public potable water system.

The board also determined that, in developing the zoning districts, the township considered factors such as natural boundaries and property lines, United States Governmental Survey maps, slope, vegetation, topography, and soil conditions. The township's Open Space district runs parallel to the township's watercourses and drainage. Soil and topographic conditions in the Open Space district make the district an area not suitable for the placement of on-lot sewage disposal systems and high-density growth. The board considered regulations and policies adopted by the Pennsylvania Department of Environmental Resources (DER) that require a certain distance between on-site sewage systems and water wells.

The board concluded that the three-acre minimum lot requirement was necessary for the public health and to protect residents downstream from the township from potential ground and surface water contamination. The board also

concluded that the township, in adopting the ordinance, did not intend to exclude or prevent development and that the Open Space district could not safely accommodate high-density growth.

In *Mill Valley Associates v. Zoning Hearing Board of Tredyffrin Township*, 126 Pa.Commonwealth Ct. 340, 559 A.2d 985 (1989), *petition for allowance of appeal denied*, 527 Pa. 656, 593 A.2d 427 (1990), this court noted that there are two bases upon which a landowner generally may challenge ordinance provisions on constitutional grounds. One such basis is that an ordinance is exclusionary, on its face or as applied. Generally an ordinance will be held invalid if it precludes a lawful use throughout a municipality. If an ordinance does not totally prohibit a lawful use, it may still be unconstitutionally exclusionary, if it fails to provide for a fair share of a lawful use. *Overstreet v. Zoning Hearing Board of Schuylkill Township*, 152 Pa.Commonwealth Ct. 90, 618 A.2d 1108. A landowner may also argue that an ordinance is unduly restrictive and thus unconstitutional.

### 1. Is the Ordinance Unconstitutionally Restrictive or Confiscatory?

The court in *Mill Valley Associates* noted that the Pennsylvania Supreme Court has held that, because zoning for density is a legitimate exercise of a municipality's police powers, there can be no minimum lot requirement that is *per se* unconstitutional, and courts must consider such challenges on a case-by-case basis. The court also noted that minimum lot-size requirements should not be upheld if the municipality's stated police power purposes do not justify the severity of the regulation's restrictive impact on the property owner. Finally, the court recognized that this court has held that only an "extraordinary justification related to the public interest" could support a minimum lot requirement of two and three acres. *Mill Valley Associates*, quoting *Martin v. Township of Millcreek*, 50 Pa.Commonwealth Ct. 249, 256, 413 A.2d 764, 767 (1980).

The justifications the board offered in its opinion for the Open Space district minimum lot area requirement are (1) to keep lots in character with the district; (2) to preserve farmland and the practice of agriculture; and (3) to protect the public from potential pollution that might result from high-density growth in the district, which is near to or adjacent to water sources for the township and nearby communities.

Section 201 of the township's ordinance is relevant to our review of the township's averred justification. That section describes the purposes of each district in pertinent part as follows:

## 201 DISTRICT PURPOSE STATEMENTS

. . . . .

### C. AR—AGRICULTURAL RESIDENTIAL DISTRICT

[T]o preserve and protect prime farmland in the Township and the existing agricultural characteristics of the area. It is the intent of such designation to reinforce agricultural land utilization as an important economic activity and to permit those lands best suited for agriculture to be utilized for that purpose.

### D. OS—OPEN SPACE DISTRICT

It is the intent of this district to encourage the conservation of land where the economics of building and supplying public facilities and services is not in the public interest, such as steep slopes, floodplains, or other environmentally fragile areas. The value of conserving land as a natural resource is recognized, as well as the problems that can be created by overutilization or development of such areas. Problems can arise involving substantial soil erosion, water supply contamination, and loss of aesthetic values. The regulations governing this district therefore encourage uses which will enhance these environmental protection objectives, such as outdoor recreation uses.

With these provisions in mind, we will first address the township's interest in preserving farmland and the practice of agriculture.

 A significant factor in determining the reasonableness of a land use restriction is whether the restriction is consistent with the stated purpose of the particular zoning district. The prime purpose of the Agricultural Residential district is to ensure the preservation of prime farmland and the practice of farming. In this case, the stated purpose of Open Space districts nowhere mentions agriculture or the practice of farming as an interest the township seeks to foster in that district. Thus, the township's proffered agricultural justification for requiring a larger minimum lot size for single family dwellings in Open Space Districts, as compared to Agricultural Residential Districts, is negated by the provisions that a landowner may develop a single-family dwelling on a lot that is only two acres in an Agricultural Residential District, which the township has designated as having the best land for farming purposes.

Accordingly, this court concludes that the township's averred agricultural justification for the three-acre minimum lot size in Open Space Districts is unsupported by the very terms of the ordinance and therefore is not reasonable and is insufficient to justify the lot area requirement.

 The next justification we must consider is the township's averred interest in pollution control and sewage disposal. In *Mill Valley Associates*, this court held that the township's finding, that suitability for on-lot sewage systems varied on each lot in the district, did not support a conclusion that a minimum lot size of 2½ acres was necessary for on-site sewage systems. ·

Also, in *Martin*, this court reviewed a ten-acre minimum lot size requirement, which Millcreek Township stated was necessary to protect the watershed against pollution. The court quoted the Pennsylvania Supreme Court's decision in *Concord Township Appeal*, 439 Pa. 466, 268 A.2d 765 (1970), in which that court concluded that requiring a two or three acre minimum lot size for single-family dwellings to ensure adequate on-site sewage was "patently ridiculous." 439 Pa. at 476, 268 A.2d at 769.

In accordance with *Mill Valley Associates, Martin,* and *Concord Appeal,* this court concludes that the township's averred justification relating to pollution is not sufficient to support the three acre minimum lot size requirement.

Also, the Pennsylvania Department of Environmental Resources' policy regarding on-site sewage disposal systems, upon which the board relied in reaching its decision that pollution concerns justify the minimum lot size, provides no extraordinary justification for the township's three-acre minimum. As the landowner indicates, the township has ordinances that specifically relate to sewage disposal. If sewage disposal is not feasible on the landowner's property, the township can deny a permit on that basis. Also, if DER has a policy or regulations relating to on-site sewage disposal, the regulatory agency may enforce its own provisions. Thus, this court concludes that sewage and pollution concerns do not constitute an extraordinary justification for the minimum lot requirement.

■ Although the township also indicated that the soil and topography of the district were factors it considered in adopting the three-acre minimum, this court, citing *National Land and Investment Co. v. Easttown Twp. Bd. of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965) (four acre minimum neither reasonable nor necessary to protect township from pollution), held in *Martin* that similar justifications were not so extraordinary as to support a ten acre minimum lot size requirement. The township could have selected a less restrictive means of implementing that purpose.

The township relies upon this court's decision in *Hess v. Upper Oxford Township,* 17 Pa.Commonwealth Ct. 399, 332 A.2d 836 (1975), in asserting that the landowner has not established the criteria necessary for the court to conclude that the ordinance is unconstitutionally restrictive. However, in that decision the court cited no case law in support of the criteria it set out in that dicta. The criteria to which the court referred are considerations in cases involving a fair share analysis, which is used to determine whether an ordinance is

exclusionary. Thus, the case is not applicable to a constitutional challenge that an ordinance is unduly restrictive.

■ Finally, this court concludes that maintaining the rural character of the township does not constitute a sufficient justification for the minimum lot requirement. Thus, none of the township's justifications are sufficient to support the three-acre lot requirement, and therefore, the ordinance is unconstitutionally restrictive.

Because of our conclusion above, we need not address the landowner's argument that the zoning ordinance is exclusionary. Accordingly, the order of the trial court is reversed.

## ORDER

NOW, March 9, 1993, the order of the Court of Common Pleas of Columbia County, dated February 20, 1992, at No. 1402 of 1989, is reversed.