**Joseph V. FISHER and Lavern B. Fisher, Appellants**

v.

**CRANBERRY TOWNSHIP ZONING HEARING BOARD and Cranberry Township.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 2003.

Decided March 19, 2003.

William C. Smith, Pittsburgh, for appellants.

Bernard P. Matthews, Jr., Greensburg, for appellees.

BEFORE: PELLEGRINI, Judge, LEADBETTER, Judge, and JIULIANTE, Senior Judge.

Opinion by Senior Judge JIULIANTE.

Joseph V. and Lavern B. Fisher (Landowners) appeal from the March 22, 2002 order of the Court of Common Pleas of Butler County (trial court) that adopted a referee's decision dismissing Landowners' validity challenge to Cranberry Township Ordinance No. 96–263 (Ord. 96–263). The trial court further ordered that the referee be paid $5,589.00 for his services and that said costs be assigned fifty percent to Landowners and fifty percent to Cranber-ry Township (Township). We affirm as modified.

Landowners own two parcels of land in the Township. The two parcels are not adjacent, but the southeastern corner of the northerly parcel (38.9 acres) abuts the northwestern corner of the southerly parcel (61.991 acres). The western boundary of the northerly parcel is Interstate 79 (I–79). The northerly parcel is landlocked on all other sides. The southerly parcel is landlocked on all sides, but has an easement over the northerly parcel to Mars Road. Neither parcel abuts Route 228.

Prior to April 3, 1996, both parcels were zoned SU–1 (Special Use District). In addition, the properties to the east and south of the two Fisher parcels were zoned SU–1. Among the permitted uses in the SU–1 District were regional shopping centers.

On April 3, 1996, the Township enacted Ord. 96–263, which amended the Township's Zoning Ordinance and rezoned the Landowners' property, as well as six other properties containing about thirty acres, to a Business Park (BPK) District, which does not permit regional shopping centers. The trial court found that the Township rezoned the eight parcels for several reasons, including the creation of a moderate use transition area between intensive and less intensive zoning uses, to create a mix of uses, to provide for access to infrastructure for various properties in the Route 228 corridor, and to address traffic concerns regarding said corridor.

Landowners subsequently challenged the validity of Ord. 96–263 before the Township's Zoning Hearing Board (ZHB), which denied Landowners' challenge without a hearing. Landowners appealed to the trial court, which recognized that Landowners were denied due process in that they were not afforded an opportunity to have an evidentiary hearing before the

ZHB. Therefore, the trial court granted the appeal on that basis. The trial court also appointed an attorney as a referee in the matter for purposes of conducting hearings, reviewing evidence and, making findings of fact and conclusions of law and a recommendation to the court. The Township intervened in both the ZHB and trial court proceedings.

At the hearing before the referee, Landowners called Daniel Santoro, Assistant Township Manager for Planning and Policy Development, and Jerry Andree, Township Manager. Both Santoro and Andree testified as if they were under cross-examination. In addition, by agreement of the parties, the Township presented direct testimony from Santoro.

■ Following the hearing, the referee issued a written adjudication denying Landowners' validity challenge. On March 22, 2002, the trial court mailed to the parties its memorandum opinion and order, which: (1) adopted the referee's findings of fact, conclusions of law and recommendations; (2) dismissed Landowners' validity challenge to Ord. 96–263; (3) directed that the referee be paid the sum of $5,589.00 for his services in the matter; and (4) directed that a bill of costs be prepared assigning fifty percent of the referee's costs to Landowners and the other fifty percent to the Township. Landowners appeal.[1]

### I.

■ Landowners contend that the Township's selection of their property for rezoning from SU–1 to BPK solely on the basis of traffic was arbitrary, capricious and in violation of their state and federal

constitutional rights to due process and equal protection of the laws. To support their position, Landowners cite *Mill Valley Assocs. v. Zoning Hearing Bd. of Tredyffrin Tp.*, 126 Pa.Cmwlth. 340, 559 A.2d 985 (1989). In that case, the township had enacted an ordinance increasing the minimum lot size requirements to the approximate equivalent of two and one-third acres due in part to concerns about increased traffic. This Court reversed the zoning hearing board's denial of a validity challenge on the basis that the township had not demonstrated a sufficient relationship between the minimum lot size requirements and the public health, safety or welfare.

In *Mill Valley Assocs.*, we cited *Nat'l Land & Inv. Co. v. Easttown Tp. Bd. of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965), for the proposition that rezoning is not permitted simply as a method to avoid the increased burdens resulting from an increased traffic load. In *Nat'l Land*, the Supreme Court stated:

> The evidence on the record indicates that for the present and the immediate future the road system of Easttown Township is adequate to handle the traffic load. It is also quite convincing that the roads will become increasingly inadequate as time goes by and that improvements and additions will eventually have to be made. Zoning provisions may not be used, however, to avoid the increased responsibilities and economic burdens which time and natural growth invariably bring.

419 Pa. at 528, 215 A.2d at 610.

In the present case, Landowners contend that the sole reason their property was rezoned was to alleviate a traffic prob-

---

1. Where, as here, the trial court in a zoning appeal takes evidence, our review is limited to determining whether the trial court abused its discretion or committed an error of law.

*Knipple v. Geistown Borough Zoning Hearing Bd.*, 155 Pa.Cmwlth. 120, 624 A.2d 766 (1993).

lem on Route 228. Specifically, Landowners claim that the objective of Ord. 96–263 was to reduce traffic at the intersection of Route 228 and Route 19 by rezoning the property in order to lower the amount of traffic on Route 228.

Landowners argue that the traffic study, which assigned traffic counts to each property that would use Route 228, is outdated and incomplete. They assert that since Ord. 96–263 was enacted, several major roadway improvements have been made, including, *inter alia*, the addition of several lanes to Routes 19 and 228, the introduction of a computerized traffic light at the intersection, the addition of ramps on Route 228 and I–79 and a new bridge on Route 228 over I–79. Landowners also point out that the traffic study was performed prior to the award of contracts for direct access between I–79 and the Pennsylvania Turnpike, which will take a lot of highway traffic out of the Route 228 and Route 19 intersection.

In addition, Landowners claim that the traffic study, prepared at the request of the Planning Commission, presented only three traffic-based scenarios regarding development of the properties in the Route 228 corridor, *i.e.*, (1) number of trips generated by retail use, (2) number of trips generated by office space use, and (3), number of trips generated by industrial use. Landowners further claim that there is no evidence in the record that either the Planning Commission or the Township Supervisors made their determination to select the change of zoning from retail to office space based on anything but traffic concerns.

Based on the foregoing, Landowners argue that their property was improperly rezoned based solely on traffic concerns. As such, they contend that this matter is controlled by *Nat'l Land* and *Mill Valley Assocs.*, and that, therefore, the trial

court's dismissal of their validity challenge to Ord. 96–263 must be reversed.

In response, the Township initially notes that the parties agreed in pre-hearing conferences with the referee that their appeal raised only two issues: whether the rezoning of Landowners' property resulted in a *de facto* taking by the Township; and whether the rezoning of the Landowners' property from SU–1 to BPK constituted invalid "spot zoning" by the Township.

■ With regard to the issue of a *de facto* taking, a landowner must establish that the actions of an entity with eminent domain powers "have substantially deprived him of the beneficial use and enjoyment of his property." *Darlington v. County of Chester,* 147 Pa.Cmwlth. 177, 607 A.2d 315, 318 (1992). Furthermore, the damages incurred "must be an immediate, necessary and unavoidable consequence" of such actions. *Id.*

■ Moreover, "a taking does not result merely because a regulation may deprive the owner of the most profitable use of his property." *Miller & Son Paving, Inc. v. Plumstead Tp., Bucks County,* 552 Pa. 652, 656, 717 A.2d 483, 486 (1998). "Otherwise, all zoning regulations could be categorized as 'takings' in the sense that the owner is not completely free to use his property as he chooses." *Id.* at 656–657, 717 A.2d at 486. Consequently, in order to establish a taking, the landowner must show that he was substantially deprived of all beneficial use and enjoyment of his property. *Id.*

In the case *sub judice,* Landowners have failed to meet this burden. In Finding of Fact No. 19, the trial court found that Landowners had applied to the Township for a development plan for a business park, which is a permitted use in the BPK District. Landowners do not dispute this fact. Moreover, in Findings of Fact Nos.

26–27, the trial court found that while Ord. 96–263 has restricted the use of Landowners' property to a degree, the rezoning of their property to BPK did not deprive them of all viable economic uses, *i.e.,* it may be used for business park purposes.

These findings are supported by substantial evidence. The record indicates that Landowners have applied to the Township for a proposed use of their property as a business park, which is a permitted use in the BPK District. As a result, we conclude that Landowners have failed to sustain their burden of establishing a *de facto* taking by the Township.

This Court also believes that the Township adequately established that concern about increased traffic was not the sole reason for rezoning the eight properties from SU–1 to BPK and that, therefore, their reliance on *Nat'l Land* and *Mill Valley Assocs.* is also misplaced. Specifically, in Finding of Fact No. 18, the trial court noted:

> The Township maintains [that] the rezoning of the 8 properties was in order to create a transition from intensive zoning uses to less intensive zoning uses, to create a mix of uses, to provide for access to infrastructure for various properties in the Route 228 corridor, and to address traffic concerns in the Route 228 corridor.

Trial Court's Opinion at 3.

A review of the record indicates that this finding is also supported by substantial evidence. Santoro, the Township's Assistant Manager for Planning and Development, testified that Ord. 96–263 was enacted pursuant to the Township's Comprehensive Plan, which identified several primary land use concerns regarding the Route 228 corridor. In addition to addressing traffic concerns, Santoro testified that other concerns were: (a) establishing "moderate use" transition areas between highly intensive commercial uses and less intensive residential uses, (b) to establish a "mix of uses" so that land use is not lopsided in one direction, and (c) to establish planned points of access to Route 228 at signals rather than having curb cuts every hundred feet.

In view of Santoro's testimony, we conclude that the trial court did not abuse its discretion in finding that Ord. 96–263 was enacted to ensure the development objectives set forth in Finding of Fact No. 18. Although increased traffic was undoubtedly a concern of the Township in enacting Ord. 96–263, the ordinance was also justified by several other legitimate concerns of the Township regarding development in the Route 228 corridor. As such, we find *Nat'l Land* and *Mill Valley Assocs.* to be inapplicable to the case at bar.

Landowners also contend that the rezoning of their property constituted illegal "spot zoning." As such, they assert that the rezoning of their property was arbitrary, unreasonable and unconstitutional.

In *Sharp v. Zoning Hearing Bd. of the Tp. of Radnor,* 157 Pa.Cmwlth. 50, 628 A.2d 1223 (1993), this Court recognized that spot zoning "has been defined as 'a singling out of one lot or a small area for different treatment from that accorded to similar surrounding land indistinguishable from it in character, for the economic benefit of the owner of that lot or to his economic detriment ...'" *Id.* at 1228 (quoting *Appeal of Mulac,* 418 Pa. 207, 210, 210 A.2d 275, 277 (1965)). Spot zoning must be clearly established; if the validity of the rezoning ordinance is debatable, it must be permitted to stand. *Id.*

In Finding of Fact No. 28, the trial court found that Ord. 96–263 did not constitute spot zoning in that it rezoned from SU–1 to BPK eight different tracts of land consisting of approximately 130 acres. It is

undisputed the Ord. 96–263 rezoned six properties owned by others in addition to Landowners' two parcels.

Moreover, as discussed above, Ord. 96–263 was rationally related to the Township's development objectives as set forth in its Comprehensive Plan. Those objectives included establishing a "moderate or medium intensity use" transition area between high intensity commercial uses and less intensive residential uses, as well as creating an economically healthy mix of uses. As Santoro testified, the Township was quickly becoming the retail center of western Pennsylvania. To achieve a better balance, the Township sought to add office space to the mix, which hopefully would bring higher paying jobs to the Township.

In view of the foregoing, we agree with the trial court that (1) Landowners failed to establish that they were treated any differently from the six other owners whose property was rezoned from SU–1 to BPK and (2), that Ord. 96–263 was rationally related to development objectives as stated in the Township's Comprehensive Plan. Therefore, we conclude that the trial court did not err in determining that Ord. 96–263 is valid, constitutional and did not constitute spot zoning. Accordingly, we affirm the trial court on the merits of Landowners' validity challenge.

## II.

■ Landowners also contend that the imposition of referee's costs where the trial court granted the appeal on the basis that Landowners were denied their due process right to present testimony before the ZHB, is without legislative authority and constitutes a violation of their due process rights under both the state and federal constitutions. This Court agrees.

In its Conclusion of Law No. 6, the trial court stated that Landowners' appeal was only granted because the trial court found that Landowners were not afforded due process and a hearing before the ZHB as required by Section 908 of the Pennsylvania Municipalities Planning Code (MPC).[2] Pursuant to Section 908(5) of the MPC, 53 P.S. § 10908(5), Landowners were entitled to a hearing before the ZHB at which they were permitted to be represented by counsel, to present evidence and to cross-examine adverse witnesses.

With regard to costs of a ZHB hearing, Section 908(1.1) of the MPC, 53 P.S. § 10908(1.1), provides:

The governing body may prescribe reasonable fees with respect to hearings before the zoning hearing board. Fees for said hearings may include compensation for the secretary and members of the zoning hearing board, notice and advertising costs and necessary administrative overhead connected with the hearing. The costs, however, shall not include legal expenses of the zoning hearing board, expenses for engineering, architectural or other technical consultants or expert witness costs.

With regard to stenographic costs of the hearing, Section 908(7) of the MPC, 53 P.S. § 10908(7), provides:

The board or the hearing officer, as the case may be, shall keep a stenographic record of the proceedings. The appearance fee for a stenographer shall be shared equally by the applicant and the board. The cost of the original transcript shall be paid by the board if the transcript is ordered by the board or hearing officer or shall be paid by the person appealing from the decision of the board if such appeal is made, and in either event the cost of additional copies

**2.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908.

shall be paid by the person requesting such copy or copies. In other cases the party requesting the original transcript shall bear the cost thereof.

Moreover, Section 1005 A of the MPC, 53 P.S. § 11005 A,[3] provides that "[i]f . . . it is shown that proper consideration of the land use appeal requires the presentation of *additional* evidence, a judge . . . may refer the case to a referee to receive *additional* evidence. . . ." (Emphasis added). Such language implies that some type of evidentiary hearing was held at the municipal level.

However, the trial court in the present case determined that Landowners were not afforded an evidentiary hearing by the ZHB and that, therefore, they were denied due process. As such, this Court agrees with Landowners that the need for the referee's hearing resulted directly from the ZHB's failure to provide a hearing as required by Section 908 of the MPC.

In *Larry Pitt & Assocs. v. Long*, 716 A.2d 695 (Pa.Cmwlth.1998), this Court recognized that the imposition of costs by a trial court is an exercise of its equity powers. Here, although the referee's costs were divided equally between the Township and Landowners, the parties were not equally responsible for the necessity of the referee's proceeding. Rather, the need to appoint a referee arose due to the ZHB's failure to take evidence as required by Section 908 of the MPC. As a result, this Court believes that the assessment of fifty percent of the referee's costs against Landowners is both unreasonable and unjust.

In view of the foregoing, this Court believes that the charges for the referee's hearing, with the exception of the stenographer's appearance fee and costs of the original transcript, must be borne by the Township.[4] Hence, the trial court's order is so modified. In all other respects, we affirm.

### ORDER

AND NOW, this 19th day of March, 2003, the March 22, 2002 order of the Court of Common Pleas of Butler County is hereby MODIFIED to the extent that Appellants Joseph and Lavern Fisher are responsible only for the costs of the original transcript and the stenographer's appearance fee in the referee's proceeding. For the reasons stated in the foregoing opinion, the Township is responsible for all other referee's costs. In all other respects, the trial court's order is AFFIRMED.

---

**3.** Added by the Act of December 21, 1988, P.L. 1329.

**4.** Although the Township, as the governing body, may prescribe reasonable fees for a ZHB hearing under Section 908(1.1), the ZHB failed to provide Landowners with such a hearing. Therefore, Section 908(1.1) is inapplicable. Further, we do not believe that the parties should equally share the referee's costs, which resulted from the ZHB's noncompliance with the MPC. Nevertheless, insomuch as Landowners appealed from the trial court's decision on the merits of their validity challenge, we believe that Section 908(7) of the MPC provides some guidance and, thus, we believe that Landowners should be responsible for the stenographer's appearance fee and the costs of the original transcript.