Edward T. **KEINATH** and Deborah P. Keinath, Appellants

v.

**TOWNSHIP OF EDGMONT.**

Commonwealth Court of Pennsylvania.

Argued Nov. 11, 2008.

Decided Jan. 22, 2009.

---

459

Gary A. Hurwitz, Media, for appellants.

Bruce A. Irvine, Media, for appellee.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Edward T. Keinath and Deborah P. Keinath (Owners) appeal from the order of the Court of Common Pleas of Delaware County affirming the decision of the Township of Edgmont (Township) to deny Owners' application for a curative amendment. Owners challenge the validity of Article 4 of the Township's Zoning Ordinance 141 (Ordinance), claiming that its density restrictions are arbitrary and capricious and not rationally related to the stated purpose of the Ordinance. Owners also argue that the Ordinance is *de facto* exclusionary.

The Township covers approximately 9.74 square miles and is situated about twenty miles from Philadelphia. Almost fifty percent of the Township is residential, five percent commercial and five percent industrial. The remaining forty percent is comprised of Ridley Creek State Park, which separates the eastern and western portions of the Township. Owners' property consists of 24.7 acres (Property) and is located within the R–1 Rural Residential/Agricultural zoning district (R–1 District) set forth in Article 4 of the Ordinance. Because the Property does not qualify for any of the permitted principal uses in the R–1 District, Owners applied for a conditional use under Section 404 (Open Space Development).

Section 404 requires a tract area of no less than ten acres, of which at least fifty percent must be set aside for open space. No more than fifty percent of that designated open space can be wetlands, flood plain, water courses, very steep slopes or other natural and environmental resources; however, up to twenty percent of the open space can be used for common elements such as sanitary sewer or storm water management, upon showing that these cannot be located elsewhere. The other fifty percent may be developed with a density not exceeding one unit for every 87,120 square feet, based on the gross tract size. Owners' plan was rejected because it proposed construction of seventeen homes but zoning would allow for only twelve. On May 3, 2005, Owners applied for a curative amendment pursuant to Sections 609.1 [1] and 916.1 [2] of the Pennsylvania Municipalities Planning Code (MPC), seeking to have zoning for the Property changed to a one-acre density. Owners claim that Article 4 unconstitutionally excludes residential development at a density of less than one unit for every two acres and does not allow for growth.

After three public hearings, the Board of Supervisors issued a decision denying the curative amendment. The Board stated the intent of the R–1 District:

---

1. Act of July 31, 1968, P.L. 805, *as amended,* added by Section 10 of the Act of June 1, 1972, P.L. 333, 53 P.S. § 10609.1.

2. Act of July 31, 1968, P.L. 805, *as amended,* added by Section 99 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10916.1.

[T]o create: opportunities for the conservation of important farmlands and natural and environmental resources and features; opportunities to achieve a system of open space in accordance with the purposes set forth in Article 20, Section 2000; and, opportunities for new residential development consistent with the rural character of the Township, west of Ridley Creek State Park, wherein on-lot or community sewage disposal systems are utilized to conserve groundwater resources.

Board Finding of Fact No. 30. The Board recognized that goals of the Township's Comprehensive Plan include promoting a balance between land development and conservation of natural resources and promoting lower density in the western part of the Township to balance the high density east of the state park. The Plan also seeks to provide open space for recreation and to encourage creative development to preserve natural features and agricultural areas with growth management objectives, such as downsizing lot areas and pavements, minimizing consumptive aspects of new development and promoting agricultural land preservation. The R–1 District requires set-aside of open space in the Open Space Development Option and allows conventional development on tracts in excess of ten acres only if it will result in greater preservation of natural and environmental and cultural features than the Open Space Option. Also, the R–1 District encourages the efficient use of land, consistent with goals of the Comprehensive Plan and the Ordinance. It also answers the mandate of Section 604(1) of the MPC, 53 P.S. § 10604(1), that zoning ordinances be designed to promote and facilitate proper community development and density of population while also preserving natural resources.

■ The Township's population increased by 93.97% from 1980 to 1990 with a housing increase of 172.62%; but for the period 1990 to 2000 the population increased by 43.25% and housing increased by only 19.76%. The Board made the following findings concerning the evidence of population growth:

81. The Applicants did not examine or analyze population growth as it relates to households or the demands for housing during the period of 1980 to 2000.

82. The Applicants did not examine or analyze population growth as it relates to demands for new housing in the future.

83. The calculation of residential land available for development provided by the Applicants were inaccurate and included properties which were unavailable due to being subject to agricultural development restrictions.

84. To say that 2–acre zoning impedes growth, implies that there are no other opportunities within the Township to accommodate a variety of forms of growth.

The Board noted that the Township did provide for densities and lot sizes of one acre or less, including lots as small as 20,000 square feet. The Board determined that the basis for Owners' application for curative amendment was economic; they wanted more lots to sell at a lower price. It concluded that the Ordinance was not *de facto* exclusionary where it encouraged and welcomed coordinated growth in the Township. Owners appealed and the trial court affirmed on May 14, 2008.[3]

---

**3.** In this land use appeal, where the trial court does not take any additional evidence, the Court's review is limited to determining whether the local governing body committed an error of law or an abuse of discretion. *Herr v. Lancaster County Planning Commission*, 155 Pa.Cmwlth. 379, 625 A.2d 164 (1993). The Court has explained that "the

A zoning ordinance is presumed to be valid so the burden falls to the challenging party to establish that the provisions in question are arbitrary and unreasonable and bear no substantial relationship to promoting public health, safety and welfare. *McGonigle v. Lower Heidelberg Township Zoning Hearing Board,* 858 A.2d 663 (Pa.Cmwlth.2004). A significant factor in determining the reasonableness of land use restrictions in a zoning ordinance is whether they are consistent with stated purposes of the particular zoning district. *Hock v. Board of Supervisors of Mount Pleasant Township,* 154 Pa. Cmwlth. 101, 622 A.2d 431 (1993). A municipality has the right to reasonably limit an owner's absolute right to use his or her property with zoning ordinances designed to protect or preserve public health, safety and welfare. *Cleaver v. Board of Adjustment of Tredyffrin Township,* 414 Pa. 367, 200 A.2d 408 (1964). *See also* Section 603 of the MPC, 53 P.S. § 10603. Preservation of agricultural land and open space are legitimate goals, *Crystal Forest Assocs., LP v. Buckingham Township Supervisors,* 872 A.2d 206 (Pa.Cmwlth.2005), and zoning for density is a legitimate exercise of municipal police power. *National Land & Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965).

Without challenging any specific findings of the Board, Owners first contend that the Ordinance unreasonably restricts the development of residential units in the R–1 District to no more than one unit for every two acres, which is not rationally related to any of the stated purposes of the R–1 District. Owners contrast this Ordinance to the one at issue in *C & M Developers, Inc. v. Bedminster*

*Township Zoning Hearing Board,* 573 Pa. 2, 820 A.2d 143 (2002), which required areas with soils identified as agriculturally productive to be set aside to ensure that the land could be used for farming. They further contend that the R–1 District contains no standards for identifying farmland and would allow an entire parcel to be developed without setting aside farmland. Similarly, the Ordinance contains no standards or requirements for identifying whether a property contains any natural and cultural or environmental resources or features.

Owners argue that the record fails to show how the density restriction would further the goals of the Ordinance's open space provisions. Owners refer to *Heck v. Zoning Hearing Board for Harvey's Lake Borough,* 39 Pa.Cmwlth. 570, 397 A.2d 15 (1979) (holding that aesthetics alone cannot support decision that general welfare of community would be adversely affected by granting special exception), and they maintain that preservation of scenic resources or views alone could not support a denial of their curative amendment. Likewise, in *Hock* this Court held that maintaining the rural character of a township did not justify a minimum lot requirement. Owners note the reasoning in *National Land* that rather than helping the town to retain its rural character, a four-acre minimum lot size merely provided for larger homes on larger lots. The desire to prevent large homes from becoming surrounded by smaller more densely located homes shows an exclusionary purpose and does not promote the general welfare. *C & M.* The Township contends that Owners have mischaracterized requirements of the R–1 District and have ignored the provisions

---

governing body abuses its discretion when its findings of fact are not supported by substantial evidence." *Id.,* 625 A.2d at 167.

that do advance the stated purposes of the Ordinance.

The MPC permits density restrictions, and no minimum acreage requirement has been found to be *per se* unconstitutional. *National Land.* In *C & M* the Court invalidated the ordinance because the provisions for development were unduly restrictive. Not only was an owner required to set aside fifty to sixty percent of a parcel for agricultural use, development in the remaining portion was limited to lots of at least one acre (plus a mandatory 10,000–square–foot building envelope) that could not include any wetlands, lakes or ponds. The Court noted that the set aside restrictions alone appeared to reasonably balance the Township's interest in preservation of land with the owner's interest in using the property as he desired. However, given the initial set-aside requirement, the added restrictions were unreasonable and not substantially related to purposes of the zoning district.

■ The Ordinance does not contain the additional restrictions present in *C & M*. In fact, the Board found that there was nothing to prevent Owners from building on one-acre lots under the Open Space Development Option. The real impact of the density restriction on Owners is economic, as they would generate more money selling seventeen homes as opposed to twelve. An ordinance is not invalid merely because it does not permit the most lucrative use of property. *Kirk v. Zoning Hearing Board of Honey Brook Township,* 713 A.2d 1226 (Pa.Cmwlth.1998). Under *C & M* the Board properly found that the R–1 District requirements serve the stated purpose of the Ordinance and the interests of Owners. The Board therefore did not err or abuse its discretion by denying the curative amendment.

■ Owners' final argument is that the restriction of one residential unit for every two acres in the R–1 District is *de facto* exclusionary. Pennsylvania courts have held that if a municipality is in a logical area for growth, it must not refuse to bear its part of the burden or "fair share[.]" *Surrick v. Zoning Hearing Board of the Township of Upper Providence,* 476 Pa. 182, 189, 382 A.2d 105, 108 (1977). The Court applies a three-part test in deciding whether an ordinance is exclusionary:

> (1) whether the community in question is a logical area for population growth and development; (2) if the community is in the path of growth, the present level of development; and (3) if the community is in the path of growth but is not already highly developed, whether the ordinance has the practical effect of unlawfully excluding the legitimate use in question.

*McGonigle,* 858 A.2d at 670–671. Whether a community is a logical area for population growth and development depends on projected population growth; access to major roads or public transportation; anticipated economic development; the growth of neighboring communities; proximity to a large metropolitan area; and amount of persons seeking permission to build. *McGonigle.*

Owners claim that the Township is a logical area for growth because it is located only 20 miles from Philadelphia and has access to major roads and public transportation. They note the Township's population increase between 1980 and 2000, greater than similar neighboring townships, and they state that despite a population increase of 43.25% between 1990 and 2000, housing increased by only 19.76%, not enough to accommodate the population growth. However, only one-tenth of the land available for residential development can be developed with a density of less than one unit for every two acres. They

seek to provide legitimate use of housing in an area where a disparity of housing growth exists, and the effect of the Ordinance is to prevent them from developing the Property in a manner that would provide a fair share of housing. According to Owners, the Ordinance is *de facto* exclusionary. In response, the Township notes that Owners ignore specific relevant findings made by the Board and also that the Board found that there was development at the density level of one unit per acre available in other Township zoning districts. As such, the Ordinance does not exclude a legitimate use.

■ An ordinance is *de facto* exclusionary if it allows a use on its face, but its provisions have the effect of prohibiting the use in the municipality. *LaRock v. Board of Supervisors of Sugarloaf Township,* 866 A.2d 1208 (Pa.Cmwlth.2005). Contrary to Owners' argument the record demonstrates that one-acre zoning is available in the R–3 Suburban Residential District. The Board also found that Owners could build on one-acre lots in the R–1 District. Accordingly, they failed to prove that the Ordinance is *de facto* exclusionary. Because the Board did not commit an error of law or an abuse of discretion in denying the application for curative amendment, the Court shall affirm the order of the trial court.

### ORDER

AND NOW, this 22nd day of January, 2009, the order of the Court of Common Pleas of Delaware County is affirmed.